*In re* GEORGE L. NADELL & CO., INC.

HORTON'S APPEAL.

1. APPEAL AND ERROR—DE NOVO HEARING OF CHANCERY CASES.
   The Supreme Court hears chancery cases *de novo* and should weigh all the evidence and reach an independent conclusion.

2. SAME—FINDINGS OF FACT—OBSERVATION OF WITNESSES.
   In chancery cases the trial court's finding on disputed questions of fact is not controlling although it is recognized that the trial court has an advantage in making personal observation of the conduct of the witnesses.

3. SAME—CHANCERY CASES—REVERSAL OF DECREES.
   The Supreme Court does not reverse decrees in chancery cases unless persuaded they are not in accordance with the just rights of the parties.

4. CORPORATIONS—RECEIVERS—LOANS—OFFICERS—FINDING OF FACT.
   On claim in receivership of corporate securities dealer, for return of stock alleged to have been loaned to corporation, weight of the evidence *held,* to require finding stock was loaned to the president of the corporation personally rather than to the corporation.

5. BAILMENT—DEFINITION.
   The term ''bailment'' imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it.

6. SAME—LOAN OF STOCK FOR BENEFIT OF BAILEE—RETURN.
   Stock, loaned to a bailee for the sole benefit of the bailee, should be returned when the purpose of the bailment is completed.

7. SAME—FULFILLMENT OF PURPOSE.
   Bailee who received stock certificates which were to be returned when the ''books were straightened up'' has not been guilty of conversion of the stock where record fails to show what books needed ''straightening up'' or that the purpose of the bailment has been fulfilled.

8. APPEAL AND ERROR—SUPREME COURT—EVIDENCE.
   The Supreme Court may not go outside of the printed record to find necessary evidence to reverse a decree in a chancery case.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 3, 1940. (Docket No. 28, Calendar No. 41,010.) Decided June 19, 1940.

In the matter of the receivership of George L. Nadell & Company, Inc. Leonard Horton presented his claim for certain shares of stock alleged to have been loaned to it. Claim disallowed. Claimant appeals. Affirmed.

*Sempliner, Dewey, Stanton & Honigman,* for claimant.

*William E. Tarsney,* for receiver.

Sharpe, J. George L. Nadell & Company, Inc., a Michigan corporation authorized and licensed to deal in securities, became financially involved and proceedings were instituted in the circuit court of Ingham county for the appointment of a receiver to liquidate its assets and satisfy the claims of its creditors.

Leonard Horton, as assignee of Julius Berman, filed his claim seeking the return of 3,000 shares of the capital stock of the American Malting Company which appellant contends were loaned to the Nadell corporation.

Appellant claims that while the Nadell corporation was engaged in business in the city of Detroit, Julius Berman made the original loan of the stock with the understanding that the stock would be returned to him within a few days, but before the stock was returned the receivership proceedings were instituted; that at the time of the making of the loan, the Nadell corporation was in serious financial difficulties; that George L. Nadell was substantially the owner of all the stock of the Nadell corporation and was in principal charge of the business; that George L. Nadell determined that the portfolio of the corporation was short 3,000 shares American Malting Company stock and 85 shares of Ekhardt & Becker Brewing Company stock and arranged with Julius Berman for the loan to the corporation of the required stock; and that the stock was to have been returned within a few days and the Ekhardt & Becker Brewing Company stock was so returned.

The trial court determined that the loan of the stock in question was a loan made to George L. Nadell individually and disallowed the claim against the corporation.

The only question of fact involved is to determine whether the stock was loaned to the corporation or George L. Nadell individually.

The testimony of Berman in substance is that he loaned the stock to the corporation. This testimony is fortified by the receipt taken at the time of the loan. The receipt upon its face shows that the stock was loaned to the corporation. Opposed to this testimony is the testimony of George L. Nadell who stated that the stock was loaned to him personally; and that he and his brother personally deeded property to trustees for the benefit of Mr. Berman and Mr. Smokler and four or five creditors to secure them for any partnership indebtedness. The testimony in this case is conflicting, with one side being supported by a writing which is not denied except by a flat statement that the agreement is not as the writing and a witness says it is.

We hear chancery cases *de novo*. *Petz* v. *Gaines*, 286 Mich. 450. It is our duty to weigh all the evidence and to reach an independent conclusion. *Hawthorne* v. *Dunn*, 210 Mich. 176. We recognize that in disputed questions of fact, the trial court has an advantage in being able to observe personally the conduct of the witnesses. Such observations are oftentimes of value in giving some weight to the findings of the trial court, *Metropolitan Life Ins. Co.* v. *Stewart*, 280 Mich. 24, but in such cases the finding of facts by the lower court is not controlling. *Snider* v. *Schaffer*, 276 Mich. 92.

In *Langdell* v. *Langdell*, 285 Mich. 268, we said:

"We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties."

In the case at bar, there was competent testimony to support the finding of the trial judge and we cannot upon this question of fact hold that the weight of evidence is contrary to the court's finding that the stock was loaned to Nadell personally.

Claimant urges that if the stock certificates were loaned to Nadell and actually delivered to and retained by the corporation as a temporary loan to assist the borrower during a period of distress under arrangement whereby the borrower was to return the stock shortly thereafter, the relationship between claimant and the borrower of the stock is that of bailor and bailee for the benefit of the bailee. The record sustains a finding that the stock was not sold to Nadell, but was a loan.

George L. Nadell testified as follows:

"He loaned me the stock personally.     *     *     * This was a personal transaction, not a company transaction."

In 6 Am. Jur. pp. 140, 141, it is said:

"In its broadest sense it (bailment) has been said to include any delivery of personal property in trust for a lawful purpose.     *     *     * The term (bailment) may be said to import the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it."

In our opinion the effect of this transaction was a bailment for the sole benefit of the bailee. Under such circumstances it was the bailee's duty to return the stock when the purpose of the bailment was completed. See 6 Am. Jur. p. 302; *Dale* v. *See,* 51 N. J.

Law, 378 (18 Atl. 306, 5 L. R. A. 583, 14 Am. St. Rep. 688).

As to the purpose of the loan, we find the following testimony by Julius Berman:

"*The Court:* Who called you up?

"*A.* George Nadell. He said he was in bad shape or needed some stock to straighten out the books and if he got 3,000 shares of American Malting Company and 85 shares of Ekhardt & Becker that would straighten them up."

Under the above authority it would be the duty of the bailee to return the stock when the "books were straightened up." But the record does not show whether it was the corporation books or partnership books that needed "straightening up," nor does the record show that the purpose of the bailment has been fulfilled. In our opinion, claimant does not show a conversion by failure of the bailee to redeliver the stock at the completion of the bailment. We may not go outside of the printed record to find necessary evidence.

The decree of the trial court is affirmed, with costs to the receiver.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.