NATIONAL BEN FRANKLIN INSURANCE COMPANY v
BAKHAUS CONTRACTORS, INC

Docket No. 53248. Submitted December 20, 1982, at Detroit.—Decided
April 5, 1983.

Bakhaus Contractors, Inc., obtained the loan of a backhoe or
loader from Colwell Equipment Company. The loader was
placed on a tractor belonging to Bakhaus and as it was being
transported on a public roadway it struck the underside of an
overpass and was damaged. Colwell's insurer, National Ben
Franklin Insurance Company, paid Colwell for the damage and
then, as subrogee of Colwell, brought an action against Bak-
haus, alleging negligence, breach of express and implied war-
ranties, and breach of bailment. The Wayne Circuit Court,
Robert J. Colombo, J., granted summary judgment for defen-
dant on the basis that the plaintiff's claims were barred by the
no-fault automobile insurance act. Plaintiff appeals. *Held:*

1. Because the damage to the loader arose out of the defen-
dant's use of its tractor as a motor vehicle, the no-fault act
applies and defendant is not liable in tort for the damage to the
loader.

2. Nothing in the no-fault system relieves a motor vehicle
operator of liability which he may have incurred in contract.
Therefore, plaintiff's theory of a breach of warranties in the
contract of bailment states a claim upon which relief may be
granted, and summary judgment as to those claims was im-
proper.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY.

Tort liability for property damage arising from the use of a motor
vehicle has been abolished in Michigan, unless the damage is
intentionally caused (MCL 500.3135; MSA 24.13135).

2. INSURANCE — NO-FAULT INSURANCE — CONTRACTS.

The no-fault automobile insurance act is designed as a substitute
for common-law tort remedies; nothing in the no-fault system

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 25, 348-350, 366.

relieves a motor vehicle operator of liability which he may have incurred in contract.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Susan Tukel*), for plaintiff.

*Coticchio, Zotter & Sullivan, P.C.* (by *G. W. Coticchio*), for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. M. GRAVES,* JJ.

M. J. KELLY, J. Plaintiff appeals as of right from the trial court's grant of summary judgment in favor of defendant.

Plaintiff's subrogor, Colwell Equipment Company, owned a loader/backhoe ("loader") which it loaned to defendant in exchange for a consideration. Defendant picked up the loader at Colwell Equipment Company and it was loaded onto defendant's tractor. While defendant was transporting the loader on a public roadway, it struck the underside of an overpass, resulting in extensive damage to the loader. Colwell Equipment Company recovered for the damage under its insurance policy with plaintiff. Plaintiff then commenced subrogation action against defendant, alleging negligence, breach of express and implied warranties, and breach of bailment. Defendant moved for summary judgment, presumably pursuant to GCR 1963, 117.2(1), arguing that plaintiff's claims were barred by Michigan's no-fault automobile insurance act. The trial court granted defendant's motion.

Plaintiff argues first that since MCL 500.3123(1); MSA 24.13123(1) excludes damages to the contents of vehicles operated upon a public highway from

* Circuit judge, sitting on the Court of Appeals by assignment.

property protection insurance benefits under the no-fault act, plaintiff is entitled to pursue its common-law tort remedies. We agree that the loader was a content of defendant's tractor at the time of the accident. The damage to the loader, however, arose out of defendant's use of its tractor as a motor vehicle. Tort liability for property damage arising from the use of a motor vehicle in this state has been abolished, unless the damage is intentionally caused. MCL 500.3135; MSA 24.13135; *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 544; 309 NW2d 174 (1981). Thus, defendant is not liable in tort for damage to the loader which may have been caused by defendant's negligent operation of its tractor.

Plaintiff argues next that even if its cause of action in tort based on alleged negligent operation of a motor vehicle is barred by the no-fault act, its alternative theories state claims upon which relief can be granted. Plaintiff has not taken pains to explain its alternative theories on appeal. While we note that bailment actions sound in property law[1] and breach of warranty actions sound in contract,[2] plaintiff argues on appeal that it is seeking recovery for property damage which arose out of defendant's breach of "its warranties or duties under its contract of bailment". In this case, therefore, it appears that plaintiff's breach of warranties theory is inseparable from its bailment

---

[1] Only personal property can be the subject of a bailment. *Clark v Chapman,* 215 Mich 518, 526; 184 NW 497 (1921).

[2] Bailments, of course, have been viewed as always involving some form of contract, either express or implied. The term bailment imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished or the bailor claims it. 8 Am Jur 2d, Bailments, § 2, p 738; accord, *In re George L Nadell & Co, Inc,* 294 Mich 150, 154; 292 NW 684 (1940).

theory, plaintiff's claim being based on contract principles.

We agree that the no-fault act does not abolish contractual liability. The no-fault system is designed as a substitute for common-law tort remedies. *Shavers v Attorney General,* 402 Mich 554, 579; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). Nothing in the no-fault system relieves a motor vehicle operator of liability which he may have incurred in contract. It was within the powers of the contracting parties to agree on which party would assume the risk of damage to the loader. Plaintiff's theory that defendant breached express and implied warranties in the governing contract of bailment does, therefore, state a claim upon which relief can be granted. Grant of summary judgment under GCR 1963, 117.2(1), was improper.

Affirmed in part; reversed in part. Remanded.