COLEMAN v FRANZON

Docket No. 78025. Submitted January 10, 1985, at Grand Rapids.—
Decided February 20, 1985. Leave to appeal applied for.

Plaintiff, Betteann M. Coleman, brought an action in the Fifth
District Court seeking damages for personal injuries suffered
when she brought her automobile to defendant, Carl Franzon,
doing business as Franzon Shell, for mechanical repairs. Plain-
tiff alleged that, while repairing her car's cooling system, the
defendant and his employee negligently released a clamp from
a radiator hose and she was sprayed with radiator fluid. Defen-
dant moved for summary judgment arguing that the suit was
one for damages for personal injuries which arose from the
ownership, maintenance, or use within the state of a motor
vehicle and that, therefore, an allegation of mere negligence or
of mere personal injury was insufficient to avoid the abolition
of tort liability provided by the no-fault insurance act. The
district court agreed and granted a summary judgment. Plain-
tiff appealed to the Berrien Circuit Court which found that the
suit was not barred by the no-fault insurance act. The circuit
court, Chester J. Byrns, J., issued an opinion and order revers-
ing the summary judgment granted by the district court and
remanding the action to the district court for further proceed-
ings. Defendant appeals by leave granted from that order. *Held:*

1. The circuit court properly determined that plaintiff's suit
for personal injuries based on the mechanics' negligence was
not barred by the no-fault insurance act.

2. The no-fault insurance act was not intended to work a
comprehensive abolition of all tort liability incident to a motor
vehicle accident. This action does not fit within the no-fault
scheme of compensating injuries and damages incurred in
accidents caused by motor vehicles. Only persons who own,
maintain or use motor vehicles can be subject to tort liability
for injuries or damage caused by the ownership, maintenance
or use of a motor vehicle. A non-motorist tortfeasor like the

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobile Insurance §§ 25, 348.

Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

defendant cannot be subject to tort liability for injuries or damage caused by the ownership, maintenance or use of a motor vehicle. The abolition of tort liability for injuries or damage caused by (arising from) the ownership, maintenance or use of a motor vehicle, therefore, does not abolish the tort liability of the non-motorist tortfeasor.

3. Abolition of tort liability for a non-motorist tortfeasor would unfairly shift the financial consequences of the tortfeasor's act from the tortfeasor to participants in the no-fault insurance system.

Affirmed.

1. INSURANCE — TORTS — NO-FAULT INSURANCE — ACTIONS.

The no-fault insurance act was not intended to work a comprehensive abolition of all tort liability incident to a motor vehicle accident (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*).

2. INSURANCE — TORTS — NO-FAULT INSURANCE — ACTIONS.

The tort liability abolished by the no-fault insurance act is only such liability as arises out of the defendant's ownership, maintenance or use of a motor vehicle, not the tort liability of a non-motorist tortfeasor (MCL 500.3135; MSA 24.13135).

3. INSURANCE — TORTS — NO-FAULT INSURANCE — NON-MOTORIST TORTFEASORS.

Only persons who own, maintain or use motor vehicles can be subject to tort liability for injuries or damage caused by the ownership, maintenance or use of a motor vehicle; a non-motorist tortfeasor cannot be subject to such tort liability; the no-fault insurance act is a system of compensating injuries and damages incurred in accidents caused by motor vehicles (MCL 500.3135; MSA 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — TORTS — PUBLIC POLICY.

The policy apparently expressed by the no-fault insurance act in conditioning the abolition of tort liability upon the obtaining of no-fault coverage is that a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a system for spreading the costs of compensating injuries caused by vehicles without regard to fault (MCL 500.3135; MSA 24.13135).

*Keller, Keller, Creager, Kosick & Rochau* (by *Craig A. Rachau),* for plaintiff.

*Fisher, Troff & Fisher* (by *L. David Lawson),* for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and R. J. CHRZANOWSKI,* JJ.

PER CURIAM. Defendant appeals by leave granted from the circuit court's opinion and order reversing a district court order granting defendant summary judgment pursuant to DCR 117.2(1).

Plaintiff filed a complaint alleging that on October 18, 1979, she brought her automobile to defendant's place of business for mechanical repairs. At that time, defendant and his employee undertook repairs to the cooling system of the car. Plaintiff alleged that, during the course of repairs, as a result of negligence on the part of defendant and his employee, a radiator hose clamp was released and she was sprayed with radiator fluid. Plaintiff further alleged that she suffered personal injuries as a result of this incident.

Defendant moved for summary judgment, arguing that this suit was a suit for damages for personal injuries which arose from the ownership, maintenance, or use within this state of a motor vehicle and that, therefore, an allegation of mere negligence or of mere personal injury was insufficient to avoid the abolition of tort liability provided by the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.;* MCL 500.3135; MSA 24.13135. The district court agreed and granted summary judgment. Plaintiff appealed to the circuit court.

The circuit court found that, although the issue was close, plaintiff's suit for damages for personal injury based on the mechanics' negligence was not barred by the no-fault insurance act. The circuit court relied on the language and reasoning of the

* Circuit judge, sitting on the Court of Appeals by assignment.

Supreme Court in *Citizens Ins Co of America v Tuttle,* 411 Mich 536; 309 NW2d 174 (1981).

After reviewing the applicable statutory and case law, we believe that the circuit court properly decided the issue. In *Tuttle, supra,* the plaintiff's insured, while driving in a truck, collided with the defendant's cow. Citizens paid its insured for the cost of repairing the truck and became subrogated to its claims against the defendant, Tuttle. Citizens then sued Tuttle to recover the amounts paid, arguing that Tuttle had been at fault by failing to keep the cow properly fenced in. The trial court granted summary judgment to Tuttle, finding that any tort liability arising out of the accident had been abolished by the no-fault motor vehicle liability act. This Court affirmed, concluding that "aside from the enumerated exceptions [found in MCL 500.3135(1) and (2); MSA 24.13135(1) and (2)], tort liability is to be precluded whenever an automobile is involved in any way". 96 Mich App 763, 766; 294 NW2d 224 (1980).

The Supreme Court reversed. It found, generally, that "the no-fault act was not intended to work a comprehensive abolition of all tort liability incident to a motor vehicle accident", 411 Mich 544, and then proceeded to clarify this general statement. The Court noted that Tuttle's alleged tort liability arose only from his alleged wrongful keeping of the cow, not from the ownership, maintenance or use of a motor vehicle and that this liability would have arisen "whether [the cow] collided with a motor vehicle, trampled a rose garden, or walked through a plate glass window". 411 Mich 545. The Court determined that the action did not fit within the no-fault scheme of "compensating injuries and damages incurred in accidents *caused by* motor vehicles". (Emphasis in original.) 411 Mich 545. The Court then stated,

"Only persons who own, maintain or use motor vehicles can be subject to tort liability for injuries or damage caused by the ownership, maintenance or use of a motor vehicle. The non-motorist tortfeasor cannot be subject to tort liability for injuries or damage caused by the ownership, maintenance or use of a motor vehicle. The abolition of tort liability for injuries or damage caused by (arising from) the ownership, maintenance or use of a motor vehicle, therefore, does not abolish the tort liability of the non-motorist tortfeasor". 411 Mich 545-546.

Finally, the Supreme Court found that abolition of tort liability for a non-motorist tortfeasor would unfairly shift the financial consequences of the tortfeasor's act from the tortfeasor to participants in the no-fault insurance system:

"Moreover, subsection (2) abolishes tort liability arising from the ownership, maintenance or use only of vehicles for which the required no-fault insurance or other security has been obtained. The policy apparently expressed in so conditioning the abolition of tort liability upon the obtaining of no-fault coverage is that a person is to be relieved of tort liability only upon participating, through the payment of premiums, in a system for spreading the costs of compensating vehicular injuries without regard to fault. To extend the abolition of tort liability to non-motorist tortfeasors would be to incorporate into the no-fault system the costs of providing personal protection insurance benefits to motorists, passengers and pedestrians injured by non-motorist tortfeasors without incorporating offsetting premiums from non-motorist tortfeasors, since non-motorist tortfeasors are not required to purchase no-fault insurance with respect to their conduct as non-motorists." (Footnote omitted.) 411 Mich 546-547.

We find that this language and the policies it expresses apply to the factual situation involved in

this case. Although this case is admittedly closer than the scenario presented in *Tuttle,* because the defendant was actually working on an automobile at the time of the alleged negligence, the defendant was, in fact, a non-motorist tortfeasor. Neither the defendant garage owner nor his employee was required to purchase no-fault insurance to cover their conduct as garage owner and mechanic. Thus, permitting the defendant to avoid tort liability for actions for which he has not contributed premium payments will, in effect, cause motorist tortfeasors to pay for his asserted negligence. We do not believe that the no-fault insurance act was intended to bring about this result.[1]

Affirmed.

---

[1] We specifically distinguish this Court's opinion in *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), *lv den* 414 Mich 873 (1982). That case involved interpretation of MCL 500.3121(1); MSA 24.13121(1), rather than of MCL 500.3135; MSA 24.13135.