## RYAN v FORD MOTOR COMPANY

Docket No. 77433. Submitted December 12, 1984, at Detroit.—Decided April 2, 1985.

Claud M. Ryan, Sr., was injured in the course of his employment when the transmission of his automobile jumped from park into reverse. The car struck him while he was performing routine maintenance on the car on his employer's premises. Plaintiffs, Claud M. Ryan, Sr., and Sylvia Ryan, then brought a products liability action in the Wayne Circuit Court against defendants, Ford Motor Company, the vehicle manufacturer, and Walt Hickey Ford, Inc., the dealership which sold Mr. Ryan the car. Because of its payment of workers' compensation benefits to Mr. Ryan, Liberty Mutual Insurance Company intervened in plaintiffs' action against Ford and Hickey as an unnamed party plaintiff. Liberty Mutual had paid $4,503.54 in workers' compensation benefits to Mr. Ryan in connection with the incident. Liberty Mutual was also the no-fault insurance carrier liable to plaintiffs for personal injury protection benefits, but had not paid any no-fault benefits to the plaintiffs. Plaintiffs' suit against Ford and Hickey was settled for $75,000. Liberty Mutual then moved for an order determining that it had a lien on the settlement in the amount paid to Mr. Ryan in workers' compensation benefits. The trial court, Charles Kaufman, J., ruled that Liberty Mutual had no interest in the proceeds of the settlement, denied the lien and entered an order to that effect. Liberty Mutual appeals. *Held:*

1. As a workers' compensation carrier providing benefits otherwise payable under no-fault, Liberty Mutual's right to reimbursement from the settlement was coextensive with its right to reimbursement as the no-fault insurer.

2. Ford and Hickey were nonmotorist tortfeasors whose liability did not arise from their ownership, maintenance or use

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3, 5, 6] 7 Am Jur 2d, Automobile Insurance § 442 *et seq.*
[1, 2, 6] 82 Am Jur 2d, Workmen's Compensation § 662 *et seq.*
[3] 7 Am Jur 2d, Automobile Insurance §§ 349, 357 *et seq.*
[4] 7 Am Jur 2d, Automobile Insurance §§ 348, 349.
[7] 7 Am Jur 2d, Automobile Insurance §§ 34, 351-356.
  82 Am Jur 2d, Workmen's Compensation §§ 250, 317, 319.

of a motor vehicle. Had it paid no-fault benefits, Liberty Mutual would have had no right to reimbursement from the settlement as a no-fault insurer. Since Liberty Mutual's right to reimbursement as a compensation carrier was coextensive with its right to reimbursement as a no-fault insurer, Liberty Mutual had no right to reimbursement from plaintiffs' settlement for the workers' compensation benefits it paid Mr. Ryan which substituted for no-fault benefits.

3. Plaintiffs are entitled to the workers' compensation benefits substituting for the no-fault benefits and the settlement from the defendant tortfeasors, without reimbursement to Liberty Mutual.

Affirmed.

1. WORKERS' COMPENSATION — REIMBURSEMENT — TORTS.

A workers' compensation insurance carrier who has paid compensation benefits is entitled to reimbursement from the injured employee's tort recovery without regard to whether the recovery is for the same elements of loss which were compensated for by the payment of benefits where the situation involved is not a no-fault automobile insurance situation.

2. WORKERS' COMPENSATION — NO-FAULT INSURANCE — SETOFFS — REIMBURSEMENT.

A compensation carrier's reimbursement rights are coextensive with those of the no-fault insurer whose liability it replaces in a no-fault situation where the workers' compensation carrier provides benefits which would be payable by the no-fault insurer had the accident not occurred in the scope of employment but are instead payable by the workers' compensation carrier because of the no-fault act's mandatory setoff provision (MCL 500.3109; MSA 24.13109).

3. INSURANCE — NO-FAULT INSURANCE — TORTS — REIMBURSEMENT.

A tortfeasor is no longer liable for below-threshold noneconomic loss and, in most cases, economic loss compensated by no-fault benefits where the tortfeasor's liability arises from the tortfeasor's ownership, maintenance or use of an insured motor vehicle; the no-fault insurer's right to reimbursement from an insured's recovery from such a tortfeasor is limited to unusual situations where the insured has recovered elements of damage which have been compensated for by no-fault benefits (MCL 500.3116, 500.3135; MSA 24.13116, 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — TORTS — NONMOTORIST TORTFEASORS.

The no-fault automobile insurance act does not abrogate the tort

liability of an uninsured motorist or liability which does not arise from the tortfeasor's ownership or operation of a motor vehicle (*i.e.*, a nonmotorist tortfeasor) (MCL 500.3116[2]; MSA 24.13116[2]).

5. INSURANCE — NO-FAULT INSURANCE — REIMBURSEMENT — NONMO-TORIST TORTFEASOR.

A no-fault insurer has a right of reimbursement from a recovery from an uninsured motorist tortfeasor but no right to reimbursement from an insured's recovery from a nonmotorist tortfeasor whose liability arises outside the ownership or operation of a motor vehicle, despite the possibility of duplicate recoveries from the insurer and the tortfeasor (MCL 500.3116[2]; MSA 24.13116[2]).

6. INSURANCE — WORKERS' COMPENSATION — NO-FAULT INSURANCE — REIMBURSEMENT.

An insurer whose right to reimbursement as a workers' compensation carrier is coextensive with its right to reimbursement as a no-fault insurer has no right to reimbursement from a settlement by an injured employee with nonmotorist tortfeasors for the workers' compensation benefits it paid to the employee, who was injured by an automobile during the course of his employment, which benefits substituted for no-fault benefits where, had the insurer paid no-fault benefits, the insurer would have had no right to reimbursement from the settlement as a no-fault insurer.

7. INSURANCE — WORKERS' COMPENSATION — NO-FAULT INSURANCE.

It is the Legislature's intent that persons injured in motor vehicle accidents in the course of their employment be entitled to the same compensation received by all other motor vehicle accident victims.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner*), for plaintiffs.

*Johnson, Campbell & Moesta, P.C.* (by *Reginald S. Johnson*), for intervening plaintiff.

Before: GRIBBS, P.J., and MACKENZIE and H. R. GAGE,* JJ.

GRIBBS, P.J. Liberty Mutual Insurance Company

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeals from a circuit court order denying Liberty Mutual a lien, in the amount of workers' compensation benefits paid to plaintiff Claud Ryan by Liberty Mutual, on the settlement paid to the Ryans by defendants Ford Motor Company and Walt Hickey Ford, Inc. We affirm.

On April 30, 1981, Claud Ryan was injured in the course of his employment. He was struck by his car when the transmission shifted from park into reverse while he was performing routine maintenance on the car on his employer's premises. The Ryans brought this products liability action against Ford, the vehicle manufacturer, and Hickey, the dealership which sold the car.

Because of its payment of workers' compensation benefits to Claud Ryan, Liberty Mutual intervened in the Ryans' action against Ford and Hickey as an unnamed party plaintiff. Liberty Mutual had paid $4,503.54 in workers' compensation benefits to Claud Ryan in connection with the incident. Liberty Mutual was also the no-fault insurance carrier liable to the Ryans for personal injury protection benefits, but had not paid any no-fault benefits to them.

The Ryans' suit against defendants Ford and Hickey was settled for $75,000. Liberty Mutual moved for a determination that it had a lien on the settlement in the amount paid to Claud Ryan in workers' compensation benefits. After a hearing, the circuit court ruled that Liberty Mutual had no interest in the proceeds and denied the lien.

Outside of a no-fault situation, a workers' compensation insurance carrier which has paid compensation benefits is entitled to reimbursement from the employee's tort recovery without regard to whether the recovery is for the same elements of loss compensated for by the benefits. *Great American Ins Co v Queen,* 410 Mich 73, 89; 300 NW2d

895 (1980); MCL 418.827; MSA 17.237(827). However, in a no-fault situation, when a workers' compensation carrier provides benefits which would be payable by the no-fault insurer had the accident not occurred in the scope of employment but are instead payable by the workers' compensation carrier because of the no-fault act's mandatory setoff provision, MCL 500.3109; MSA 24.13109, the compensation carrier's reimbursement rights are coextensive with those of the no-fault insurer whose liability it replaces. *Queen, supra,* pp 87-88.

In the case at bar, Claud Ryan was injured by his own motor vehicle in the course of his employment. Liberty Mutual paid him workers' compensation benefits for medical expenses and wage loss. It conceded at the lien hearing that the compensation benefits paid were not over and above those it would have paid under the no-fault act and that, if the compensation benefits were not involved, the Ryans would be entitled to no-fault benefits. As a workers' compensation carrier providing benefits otherwise payable under no-fault, Liberty Mutual's right to reimbursement from the settlement was coextensive with its right to reimbursement as the no-fault insurer. *Queen, supra,* p 87. Thus we now turn to the no-fault act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

The no-fault act created statutory benefits and partially abrogated common-law tort liability. Where a tortfeasor's liability arises from the tortfeasor's ownership, maintenance or use of an insured motor vehicle, the tortfeasor is no longer liable for below-threshold noneconomic loss and, in most cases, economic loss compensated by no-fault benefits. MCL 500.3135; MSA 24.13135; *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 548-551, n 8; 309 NW2d 174 (1981); *Queen, supra,* p 93;

*Coleman v Franzon,* 141 Mich App 99; 366 NW2d 86 (1985). The no-fault insurer's right to reimbursement from an insured's recovery from such a tortfeasor is limited to unusual situations where the insured has recovered elements of damage which have been compensated for by no-fault benefits. MCL 500.3116; MSA 24.13116; *Queen, supra,* p 93; see, also, *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477; 274 NW2d 373 (1979).

However, the tort liability of an uninsured motorist or liability which does not arise from the tortfeasor's ownership or operation of a motor vehicle (*i.e.,* a nonmotorist tortfeasor) is not abrogated by the no-fault act.[1] MCL 500.3116(2); MSA 24.13116(2); *Tuttle, supra,* pp 548-551, n 8; *Coleman, supra; National Ben Franklin Ins Co v Bakhaus Contractors, Inc,* 124 Mich App 510; 335 NW2d 70 (1983). Moreover, although the no-fault insurer has a right of reimbursement from the recovery from an uninsured motorist tortfeasor, MCL 500.3116(2); MSA 24.13116(2), the no-fault insurer has no right to reimbursement from an insured's recovery from a nonmotorist tortfeasor whose liability arises outside the ownership or operation of a motor vehicle, despite the possibility of duplicate recoveries from the insurer and the tortfeasor.[2] *Tuttle, supra,* pp 551-554.

---

[1] Prior to the Supreme Court's decision in *Tuttle, supra,* panels of this Court were split on whether or not the no-fault act abrogated tort liability of tortfeasors whose liability did not arise from the use, ownership or maintenance of a motor vehicle. See *Citizens Ins Co of America v Tuttle,* 96 Mich App 763; 294 NW2d 224 (1980), *rev'd* 411 Mich 536; 309 NW2d 174 (1981); *Schwark v Lilly,* 91 Mich App 189; 283 NW2d 684 (1979), *vacated and remanded on other grounds* 411 Mich 909; 307 NW2d 334 (1981); see, also, *Spurgeon v Ford Motor Co of Canada Limited,* 502 F Supp 729 (WD Mich, 1980).

[2] Prior to the Supreme Court's decision in *Tuttle, supra,* and the amending of MCL 500.3116; MSA 24.13116 by 1978 PA 461, this Court was also split on the issue of whether the original reimbursement provision permitted the reimbursement of a no-fault insurer from an insured's recovery from tortfeasors whose liability arose

In the case at bar, the Ryans settled their products liability action against the vehicle manufacturer and dealership. These defendants were non-motorist tortfeasors whose liability did not arise from their ownership, maintenance or use of a motor vehicle. *Tuttle, supra; Coleman, supra.* Had it paid no-fault benefits, Liberty Mutual would have had no right to reimbursement from the settlement as a no-fault insurer. *Tuttle, supra.* Since Liberty Mutual's right to reimbursement as a compensation carrier was coextensive with its right to reimbursement as a no-fault insurer, *Queen, supra,* Liberty Mutual had no right to reimbursement from the Ryans' settlement with Ford and Hickey for the workers' compensation benefits it paid Claud Ryan which substituted for no-fault benefits.[3]

Liberty Mutual, however, argues that the no-fault act and the rationale in *Queen, supra,* are not applicable because the Ryans' settlement was based on a products liability action. It argues that, since the basis of the tortfeasor's liability falls outside the no-fault act, this is a simple workers' compensation situation and the workers' compensation carrier is not limited to the no-fault insurer's right to reimbursement. We disagree.

Liberty Mutual conceded that the no-fault act was applicable when it acknowledged that no-fault benefits would be payable absent the compensation benefits it paid to Claud Ryan. Moreover, Liberty

outside the no-fault act. See *Auto Club Ins Ass'n v Henley,* 130 Mich App 767; 344 NW2d 363 (1983); *State Farm Mutual Automobile Ins Co v Soo Line R Co,* 106 Mich App 138; 307 NW2d 434 (1981), *lv den* 413 Mich 920 (1982); *Schwark, supra.*

[3] Liberty Mutual did not allege that the workers' compensation benefits paid exceeded, in duration or amount, no-fault benefits payable. In such a situation, Liberty Mutual would be entitled to a lien for those excess payments which did not substitute for no-fault payments. See *Bialochowski v Cross Concrete Pumping Co, Inc,* 141 Mich App 315; 367 NW2d 381 (1985).

Mutual's approach would contravene the Legislature's intent, as interpreted by the Supreme Court in *Queen, supra,* that persons injured in motor vehicle accidents in the course of their employment be entitled to the same compensation received by all other motor vehicle accident victims. 410 Mich 96. Under Liberty Mutual's approach, Liberty Mutual would be reimbursed for workers' compensation benefits paid to Claud Ryan. Liberty Mutual would also deny Claud Ryan no-fault benefits by claiming that the no-fault act did not apply and benefits were not payable, or by claiming a setoff of the workers' compensation benefits paid in lieu of no-fault benefits. MCL 500.3109(1); MSA 24.13109(1). The Ryans would thus receive only the settlement amount less the reimbursed compensation benefits. They would be in a far worse position than a plaintiff injured outside the scope of his employment. A plaintiff injured in the same way as was Claud Ryan in the case at bar, but injured outside the course of his employment, would be entitled to no-fault benefits in addition to any recovery or settlement from the nonmotorist defendants. See *Tuttle, supra; Schwark, supra.*

Thus, the Ryans are entitled to the workers' compensation benefits substituting for the no-fault benefits and the settlement from the defendant tortfeasors, without reimbursement to Liberty Mutual.

Affirmed.