916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RIZALINA SARMIENTO JAPGOS, Plaintiff-Appellant, Auto Club
Insurance Association, Intervening Plaintiff-Appellee,
v.
HONDA MOTOR CO., LTD. and American Honda Motor Co., Inc., Defendants.
 No. 89-1918.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Rizalina Sarmiento Japgos has appealed the judgment entered by the United States District Court for the Eastern District of Michigan awarding intervening plaintiff-appellee Auto Club Insurance Association (ACIA) a share of the damages awarded Japgos pursuant to a jury verdict against defendants Honda Motor Co., Ltd., and American Honda Motor Co., Inc. (collectively, Honda) in this diversity personal injury tort action arising out of an automobile accident.
 
 
 2
 On November 2, 1981, appellant, a nurse from the Phillipines, legally working in the United States, was involved in an automobile accident when she lost control of her 1981 Honda Prelude. The impact of the collision opened the passenger door and appellant was thrown from the vehicle, suffering injuries rendering her a quadriplegic. Appellant filed a products liability suit in the Wayne County Circuit Court against Honda, alleging a defectively designed door latch mechanism, and on April 16, 1982, Honda removed the case to the United States District Court.
 
 
 3
 Pursuant to Michigan's no-fault statute and an insurance policy, ACIA, appellant's no-fault insurer, paid medical expenses, loss of wages, and other no-fault benefits resulting from appellant's accident. On March 21, 1985, ACIA filed a motion to intervene as a party plaintiff in appellant's action against Honda, claiming that it was subrogated, under both the common law and under the "Reimbursement and Subrogation" provisions of its policy, to appellant's claims against Honda for medical expenses and wage losses which it had paid on appellant's behalf, and was therefore entitled to repayment of those advances.
 
 
 4
 Appellant responded that Mich.Comp.Laws Sec. 500.3116(2) barred reimbursement of personal protection insurance benefits received by an insured as a recovery for injuries caused by a third party in a products liability tort action. ACIA replied that common law subrogation rights and the contractual rights under its policy were independent theories of recovery from reimbursement under M.C.L. Sec. 3116 and that subrogation in third party products liability (nonmotorist) cases were, accordingly, outside the scope of Michigan's no-fault insurance laws.
 
 
 5
 The district court permitted intervention, deferring the issue of ACIA's entitlement to any monies until after judgment. The trial court permitted ACIA to participate in pretrial and trial. The jury returned a verdict against Honda for appellant in the net amount of $3,000,000 after reducing damages assessed at $6,000,000 by 50% under the doctrine of comparative negligence. On May 1, 1988, after oral argument, the trial court entered a judgment on ACIA's motion requiring Honda to pay directly to ACIA, the sum of $411,531.06.
 
 
 6
 On July 25, 1989, appellant filed a notice of appeal naming only ACIA as appellee. As part of a post-trial settlement with Honda, appellant and ACIA agreed to reduce and fix the disputed amount at $355,740 through the date of the settlement, which amount has been placed in escrow pending resolution of this appeal.
 
 
 7
 Appellant has charged that the district court erred in concluding that section 3116(2) did not bar ACIA's subrogation claim and in holding that, if the said section did bar ACIA's subrogation claim, it would violate ACIA's rights under the due process and equal protection clauses of the fourteenth amendment to the United States Constitution.
 
 
 8
 It should be noted that ACIA, in its complaint, brought its claim solely on a theory of subrogation. In Auto Club Ins. Ass'n v. LaPointe, 843 F.2d 964 (6th Cir.1988), this circuit, applying the pronouncements of the Michigan Court of Appeals in State Farm Mut. Automobile Ins. Co. v. Wyant, 154 Mich.App. 745, 398 N.W.2d 517 (1986) and Ryan v. Ford Motor Co., 141 Mich.App. 762, 368 N.W.2d 266 (1985), has already decided that section 3116(2) bars subrogation by a no-fault insurer against a nonmotorist third party except in limited circumstances not involved in this case. Consequently, ACIA's subrogation claim is barred by section 3116(2).
 
 
 9
 In order to demonstrate a violation of the fourteenth amendment's due process clause, appellee must first prove that it was deprived of a property right. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 2d 548 (1972). It has failed to do so. ACIA's only rights arise from its contract of insurance, the language of which subjects the contract's subrogation and reimbursement provisions to Chapter 31 of the Michigan code, of which section 3116(2) is a part. The Michigan statute being otherwise valid, ACIA has failed to prove that it had a property right. The appellee and district court also have misconstrued the fourteenth amendment's equal protection clause because section 3116(2) as applied provides uniform coverage to all insurers that come within its purview.
 
 
 10
 Accordingly, the judgment of the district court is REVERSED and REMANDED with directions to dismiss intervenor-appellee ACIA's complaint as failing to state a claim upon which relief may be granted and to enter judgment for plaintiff-appellant consistent with the jury verdict and this opinion.