# STATE OF MICHIGAN

# COURT OF APPEALS

GINA MANDUJANO,

        Plaintiff-Appellee,

v

ANASTASIO GUERRA,

        Defendant-Appellant,

and

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
April 3, 2018

No. 336802
Wayne Circuit Court
LC No. 15-002472-NI

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Defendant[1] appeals as of right the trial court's stipulated resolution order and order denying his motion for summary disposition. Defendant contends on appeal that the trial court erred in determining that questions of fact existed as to whether he engaged in a mutual bailment with plaintiff rather than a gratuitous bailment, and that, irrespective of the type of bailment—and thus irrespective of the duty imposed—defendant is entitled to summary disposition because no material issues of fact exist to suggest that he breached any duty owed to plaintiff. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a vehicle malfunction that resulted in serious injury to plaintiff. On or around September 29, 2013, defendant agreed to loan plaintiff his pickup truck so that plaintiff could go grocery shopping. Plaintiff contends that her use of defendant's truck was

---

[1] Hereinafter, "defendant," singularly, refers only to Anastasio Guerra, who is plaintiff's father. The other defendants, Auto-Owners Insurance Company and Home-Owners Insurance Company, are not part of this appeal.

conditioned on her providing lunch to defendant. While plaintiff was in the process of leaving the grocery store in defendant's truck, the power steering in the truck failed. Plaintiff's wrist and fingers were caught in the spokes of the steering wheel, and plaintiff was severely injured.

Prior to the accident, defendant was aware that his truck was not maintaining power steering fluid. Defendant attempted to put fluid into the vehicle at least two weeks prior to the accident and again on the day that plaintiff asked to use the truck. Defendant did tell plaintiff that there was a problem with the power steering. Defendant did not believe the issue was dangerous; he believed some power steering fluid leakage was natural in light of the truck's advanced age and mileage.

Plaintiff filed this action on February 26, 2015, alleging that defendant had negligently allowed plaintiff to borrow the truck knowing that the vehicle was in disrepair and was unsafe to drive. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10) and argued that plaintiff failed to establish that defendant owed any legal duty to plaintiff and that if any duty existed, he did not breach it. Plaintiff argued in response that defendant's legal obligations arose out of the bailment of defendant's vehicle to plaintiff and that he breached that duty by failing, at a minimum, to warn her of the dangers. The trial court agreed with plaintiff and denied defendant's motion for summary disposition.

On appeal, defendant concedes that the loaning of his truck to plaintiff constituted a gratuitous bailment. Defendant contends that the trial court erred in determining that questions of fact existed that could give rise to a mutual bailment, and thus a more exacting standard of care. Defendant also contends that irrespective of the type of bailment and standard of care, the trial court erred in determining that questions of fact existed that might suggest defendant breached any duty at all.

## II. STANDARD OF REVIEW

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012). Despite defendant having moved for summary disposition pursuant to MCR 2.116(C)(10) and MCR 2.116(C)(8), it is clear that both parties looked beyond the pleadings in arguing for and against the motion, and the trial court looked beyond the pleadings in making its determination. Accordingly, we treat the motion as having been decided pursuant to MCR 2.116(C)(10). *Van Buren Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017).

Summary disposition pursuant to MCR 2.116(C)(10) is appropriate where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010). In reviewing a motion brought pursuant to MCR 2.116(C)(10), "this Court considers 'affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion.'" *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d

401 (2013) (citation omitted).  The motion is properly granted if there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law.  *Id.*

Further, "[w]hether a defendant owes a duty to a plaintiff to avoid negligent conduct is a question of law that is reviewed de novo." *Sherry v East Suburban Football League*, 292 Mich App 23, 29; 807 NW2d 859 (2011); see also *Chelik v Capitol Transport, LLC*, 313 Mich App 83, 88; 880 NW2d 350 (2015).

### III.  IMPOSITION OF A LEGAL DUTY

Plaintiff in her complaint alleged that defendant was negligent.[2]  To succeed in a claim of negligence, a plaintiff must prove that (1) defendant owed her a legal duty, (2) defendant breached that duty, (3) plaintiff suffered damages as a result of that breach, and (4) and defendant's breach was a proximate cause of plaintiff's damages.  *Schultz v Consumer Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993).

Defendant concedes that this case "is rooted in bailment law."  Bailments are a form of express or implied contract.  *National Ben Franklin Ins Co v Bakhaus Contractors, Inc*, 124 Mich App 510, 512 n 2; 335 NW2d 70 (1983), citing 8 Am Jur 2d, Bailments, § 2, p 738, and *In re George L Nadell & Co, Inc*, 294 Mich 150, 154; 292 NW 684 (1940).  " 'Bailment,' in its ordinary legal signification, imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished." *Goldman v Phantom Freight, Inc*, 162 Mich App 472, 479-480; 413 NW2d 433 (1987).  "[I]t is a relationship wherein a person gives to another the temporary use and possession of property other than money, the latter agreeing to return the property to the former at a later time." *Id.* at 480.

Importantly, if a bailment relationship exists, standards of care are *automatically* imputed on both the bailor and bailee as a product of the bailment relationship.  See *Godfrey v City of Flint*, 284 Mich 291, 296; 279 NW 516 (1938); see also *Jones v Keetch*, 388 Mich 164, 168; 200 NW2d 227 (1972) (referencing the duty of a bailor of chattel to ensure that the chattel is reasonably suitable for its intended purpose lest the bailor be subject to tort liability).  Michigan law classifies bailments as either gratuitous (for the sole benefit of either the bailor or bailee) or mutual (for the benefit of both parties).  See *Godfrey*, 284 Mich at 295. "Bailment for the benefit of both parties thereto has been defined as one wherein a person gives to another the temporary

---

[2] Although Michigan's no-fault act, MCL 500.3101 *et seq.*, generally immunizes people from tort liability arising from their ownership, maintenance, or use of a motor vehicle, MCL 500.3135(3), a person remains subject to tort liability for noneconomic loss if the injured person suffered death, serious impairment of body function, or permanent serious disfigurement, MCL 500.3135(1).  Plaintiff alleged in her complaint that her injuries qualify as serious impairment of body function and/or permanent serious disfigurement.

use and possession of property, other than money, for a reward, the latter agreeing to return the same to the former at a future time." *Id.* at 295-296 (quotation marks and citation omitted).

"Where a bailment is purely gratuitous, as where articles are loaned to a bailee for his or her exclusive benefit without charge, the bailor has a duty to inform the bailee only of those defects of which the bailor is aware and which might make the use of the bailed property perilous." 8A Am Jur 2d, Bailments, § 99; see also *Goldman*, 162 Mich App at 479 and 63A Am Jur 2d, Products Liability, § 1152. However, when the bailment is for the mutual benefit of the parties, the bailor's duties are expanded. In that situation, a bailor "must make a reasonable inspection of the bailed property, warn the bailee of any defects in the property about which the bailor knows, or should know, and otherwise ascertain that the property is safe for its intended use." 8A Am Jur 2d, Bailments, § 102; see also *Goldman*, 162 Mich App at 479.

Here, defendant argues that loaning his vehicle to plaintiff was a gratuitous bailment and that the trial court erred when it construed it as a mutual bailment. Conversely, plaintiff argues that the bailment was mutual because both parties benefited from the arrangement. Specifically, plaintiff relies on her affidavit that explains that defendant only agreed to loan the vehicle to her in exchange for plaintiff making him lunch. Defendant claims that the affidavit should not be considered because it contradicts plaintiff's prior testimony from her deposition. See *Dykes v William Beaumont Hosp*, 246 Mich App 471, 479-480; 633 NW2d 440 (2001) (explaining that a party cannot rely on an affidavit to create a material issue of fact where the affidavit contradicts prior deposition testimony). However, after reviewing plaintiff's deposition, it is evident that her later affidavit did not contradict her prior testimony. Rather, the topic of whether defendant was to receive anything in exchange for loaning the vehicle to plaintiff never was explored at her deposition. Accordingly, the affidavit, just like any other submitted evidence, must be considered when deciding on a motion of summary disposition. *Sanders*, 303 Mich App at 4.

With the evidence presented, a reasonable jury could have concluded that the bailment was a mutually beneficial one because defendant agreed to loan his vehicle to plaintiff in exchange for her preparing him lunch. The fact that the lunch had very little monetary value is of no consequence.[3] See *Godfrey*, 284 Mich at 296 ("In determining whether or not there is a

---

[3] Defendant contends that, regardless of whether he loaned his truck to plaintiff in exchange for lunch, a mutual bailment still could not have existed because Michigan law only extends the concept of mutual bailments to commercial settings. Defendant's argument is not premised in articulable law but, rather, a lack of it. Defendant suggests that because there are no examples in Michigan case law of noncommercial mutual bailments, mutual bailments therefore cannot exist outside of commercial settings. But despite there being no case law examples of mutual bailments arising in noncommercial settings, the concept of a bailment and the standard for the creation of a bailment *is clearly defined* in Michigan case law. See, e.g., *Godfrey* 284 Mich at 295-296; *Goldman*, 162 Mich App at 479-480; *Bakhaus*, 124 Mich App at 512 n 2. Nowhere in Michigan law are noncommercial bailments distinguished from commercial bailments, and there is no indication that such a distinction has ever been contemplated in prior cases. We decline to impose such a distinction here.

lucrative bailment, the nature and amount of the compensation are immaterial, as the law will not inquire into its sufficiency . . . .") (quotation marks and citation omitted). Therefore, defendant has failed to prove in his motion for summary disposition that the bailment was a gratuitous one, and the trial court properly denied defendant's motion with respect to this issue.[4]

## IV. BREACH OF DUTY

Finally, defendant contends that regardless of the type of bailment, and thus irrespective of the standard of care imposed on him, he is entitled to summary disposition because no material question of fact exists that could allow for a finding that defendant breached any duty. We disagree.

Although there is a question of fact on which type of bailment is present here, we need not address all of the duties imposed under a mutual bailment, which normally we would decide, because that bailment is more favorable to the nonmoving party, see *Sanders*, 303 Mich App at 4 (stating that when deciding on a motion for summary disposition, evidence is to be viewed in a light most favorable to the nonmoving party), because we hold that there is a triable issue regarding whether defendant fulfilled his duty to warn plaintiff of any known defects or dangers—a duty that is common to both types of bailments. Here, it is undisputed that defendant never warned plaintiff about any power steering fluid issue. At best, defendant simply told plaintiff to be careful while driving, but he did not mention any potential issue or problem with the vehicle. Hence, the question we must answer is: Was any warning necessary when defendant thought he had cured the "defect," i.e., the low level of the power steering fluid. We believe that a reasonable fact-finder could come to differing answers, which necessarily precludes the grant of summary disposition. On the one hand, a fact-finder could conclude that defendant, who recognized that the low amount of steering fluid was a problem, addressed the problem and therefore did not have to provide any warning because any "defect" was effectively cured by the addition of more steering fluid. On the other hand, a finder of fact could conclude that defendant, while arguably curing a *symptom* of the defect, did not cure the defect, itself, and therefore should have warned plaintiff that although the vehicle currently had a good amount of power steering fluid, it nonetheless was losing liquid. Defendant admitted that he knew that having low power steering liquid in a vehicle could pose a "problem" or safety risk. Accordingly, one could reasonably find that defendant, with full knowledge that there was an underlying problem or defect, should have warned plaintiff of that problem or defect. Indeed, if it would have been reasonable for defendant to monitor the power steering fluid situation and "top off" as needed,[5] then a jury could also conclude that it would have been reasonable for

---

[4] However, as discussed below, whether the bailment is considered gratuitous or mutually beneficial is not dispositive for deciding whether defendant is entitled to judgment as a matter of law.

[5] We note that this course of action is akin to what defendant's mechanic expert witness said he would have suggested for defendant to do under these circumstances. Specifically, the expert would have instructed someone in defendant's position to "keep an eye" on the situation and that bringing the vehicle in for repair was not yet necessary.

anyone to whom he entrusted the car, such as plaintiff, to do so as well. Of course, plaintiff could not have known to monitor the power steering fluid level, such as by looking for leaks under the car, unless defendant had told her to do so, which he did not. Under these circumstances, a fact-finder would be permitted to find that defendant breached a duty to warn, although a fact-finder would not be compelled to make such a finding.

Therefore, because there is a question of fact as to whether defendant breached his duty to warn under bailment law, the trial court properly denied defendant's motion for summary disposition.

Affirmed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel