ZCD TRANSPORTATION, INC v STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO

Docket No. 304719. Submitted November 9, 2012, at Detroit. Decided
   November 27, 2012. Approved for publication January 29, 2013, at
   9:15 a.m.

   ZCD Transportation, Inc., brought an action in the Wayne Circuit
   Court against State Farm Mutual Automobile Insurance Company
   to recover expenses incurred for transporting its insured, Arnold
   Grinblatt, who had been injured in an automobile accident. Before
   the accident, Grinblatt was unable to walk, but he was able to use
   a personal mobility scooter and to drive a specially modified van.
   Because the accident left Grinblatt too weak to move himself from
   the scooter to the van and vice versa, he hired plaintiff to provide
   transportation services. Plaintiff charged a pick-up fee of $35, a
   wait fee of $30 an hour, and $3 a mile with a minimum charge for
   10 miles regardless of the number of miles actually driven.
   Defendant moved for summary disposition, arguing that it was not
   obligated to pay plaintiff for Grinblatt's personal trips, including
   those for which he had a doctor's prescription, or for medical
   transportation expenses incurred when Grinblatt was not actually
   in the vehicle because these expenses were not related to his care,
   recovery, or rehabilitation under MCL 500.3107(1). The court,
   Kathleen Macdonald, J., granted defendant's motion under MCR
   2.116(C)(10). Plaintiff appealed.

   The Court of Appeals held:

   1. Transportation expenses unrelated to medical treatment
   are not recoverable under MCL 500.3107(1) even if prescribed by
   a doctor as being necessary for the patient's care, recovery, and
   rehabilitation. Under MCL 500.3105(1), an insurance company is
   required to provide first-party insurance benefits for accidental
   bodily injury arising out of the ownership, operation, maintenance
   or use of a motor vehicle as a motor vehicle. Those benefits include
   allowable expenses consisting of all reasonable charges incurred
   for reasonably necessary products, services, and accommodations
   for an injured person's care, recovery, or rehabilitation. Expenses
   for recovery and rehabilitation are costs expended to bring in-
   sureds to a condition of health or ability sufficient to resume their

preinjury lives. The scope of the term "care" is limited to expenses for those products, services, or accommodations whose provision is necessitated by the injury sustained in the motor vehicle accident but that may not restore a person to his or her preinjury state. Services that were required both before and after the injury, but can no longer be provided by the injured person himself or herself because of the injury, are replacement services, not allowable expenses, because they are not for the injured person's care. Accordingly, the transportation services that were not directly related to Grinblatt's medical treatment but were solely to maintain his preinjury quality of life constituted replacement services rather than allowable expenses because Grinblatt did his own pleasure driving before the accident and, but for the injuries sustained in the accident, would have continued to do so.

2. The cost of transportation and mileage to and from medical appointments were allowable expenses, given that plaintiff could not have transported Grinblatt to and from the appointments without first picking him up and then either waiting for him or returning to get him afterward. Because the pick-up and wait-time aspect of the service was actually rendered and the fees were incurred, the issue was whether those charges were reasonable, which was a question of fact to be determined on remand.

3. The trial court properly concluded that defendant was entitled to summary disposition to the extent that plaintiff sought payment for mileage that Grinblatt did not actually travel.

Affirmed in part and reversed in part; case remanded for further proceedings.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — ALLOWABLE EXPENSES — REPLACEMENT SERVICES — TRANSPORTATION EXPENSES UNRELATED TO MEDICAL TREATMENT.

MCL 500.3105(1) requires an insurance company to provide first-party insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle; under MCL 500.3107(1), those benefits include allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for the injured person's care, recovery, or rehabilitation and also include expenses not exceeding $20 a day reasonably incurred in obtaining ordinary and necessary services in lieu of those that, had the person not been injured, he or she would have performed during the first three years after the date of the accident for the benefit of himself or herself or of his or her dependent; transportation services that are not directly related to an insured's medical

treatment but are solely to maintain the insured's preinjury quality of life constitute replacement services rather than allowable expenses; transportation expenses unrelated to medical treatment are not recoverable under MCL 500.3105(1) even if prescribed by a doctor as being necessary for the patient's care, recovery, and rehabilitation.

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — ALLOWABLE EXPENSES — EXPENSES FOR TRANSPORTATION TO AND FROM MEDICAL APPOINTMENTS — PICK-UP AND WAIT-TIME FEES.

The cost of transportation and mileage to and from medical appointments are allowable expenses under MCL 500.3107(1); whether pick-up and wait-time fees charged in connection with transporting an insured to and from medical appointments are reasonable is a question of fact.

3. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — ALLOWABLE EXPENSES — EXPENSES FOR TRANSPORTATION TO AND FROM MEDICAL APPOINTMENTS — MINIMUM MILEAGE CHARGES.

Charges for transportation services that are not actually rendered to an insured, such as minimum mileage charges, are not allowable expenses for purposes of MCL 500.3105(1).

*Leo E. Januszewski, P.C.* (by *Leo E. Januszewski*), for plaintiff.

*Hewson & Van Hellemont, P.C.* (by *Stacey L. Heinonen*), for defendant.

Before: JANSEN, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM. Plaintiff, ZCD Transportation, Inc., appeals as of right a circuit court order granting the motion for summary disposition of defendant, State Farm Mutual Automobile Insurance Company, pursuant to MCR 2.116(C)(10) in this action to recover first-party no-fault benefits. We affirm in part, reverse in part, and remand for further proceedings.

Arnold Grinblatt was injured in an automobile accident in 2001. Before the accident, Grinblatt was unable to walk and got around using a personal mobility

scooter. He was able to drive using a van fitted with a lift and hand controls. After the accident, Grinblatt was too weak to move himself from the scooter to the driver's seat of the van and vice versa. He therefore hired plaintiff to provide transportation services, both for medical appointments and for personal trips unrelated to medical treatment. Plaintiff's fee for the service consisted of three components: (1) a pick-up fee of $35 to come and get the client, (2) a wait fee of $30 an hour, billed in 15-minute increments if the driver had to wait for the client, and (3) mileage. Plaintiff charged $3 a mile, but every client was charged for a minimum of 10 miles for a one-way trip and 20 miles for a round trip, regardless of the number of miles actually driven. Plaintiff acknowledged that a majority of Grinblatt's trips involved distances less than the mileage minimum.

Defendant objected to paying for plaintiff's personal trips and for medical transportation costs to the extent that plaintiff sought compensation for times when Grinblatt was not actually in the vehicle being transported. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10).

The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Summary disposition is appropriate if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to deter-

mine whether a genuine issue of any material fact exists to warrant a trial." *Spiek*, 456 Mich at 337. The determination of what constitutes an allowable expense under the no-fault act is a question of law that is also reviewed de novo. *In re Geror*, 286 Mich App 132, 134; 779 NW2d 316 (2009).

Under the no-fault act, an insurance company is "required to provide first-party insurance benefits . . . for certain expenses and losses." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Specifically, an insurer must pay personal protection benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). Those benefits include:

> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation[, and]
>
> *    *    *
>
> (c) Expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent. [MCL 500.3107(1)].

Because benefits are only payable for accidental injury arising out of the ownership, operation, maintenance, or use of a vehicle and benefits include allowable expenses, the allowable expenses must be "causally connected to the accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005).

Therefore, the product, service, or accommodation claimed as an allowable expense must be related to the insured's injuries. *Id.* An expense is an "allowable expense" if (1) the expense is for an injured person's care, recovery, or rehabilitation, (2) the expense is reasonably necessary, (3) the expense is incurred, and (4) the charge is reasonable. *Douglas v Allstate Ins Co*, 492 Mich 241, 259; 821 NW2d 472 (2012).

The terms "care," "recovery," and "rehabilitation" are to be given their ordinary meanings. *Hamilton v AAA Mich*, 248 Mich App 535, 546; 639 NW2d 837 (2001). Both recovery and rehabilitation "refer to restoring an injured person to the condition he was in before sustaining his injuries." *Griffith*, 472 Mich at 534-535. Thus, expenses for recovery and rehabilitation "are costs expended in order to bring an insured to a condition of health or ability sufficient to resume his preinjury life." *Id.* at 535. The scope of the term "care" is limited "to expenses for those products, services, or accommodations whose provision is necessitated by the injury sustained in the motor vehicle accident." *Id.* "Care" "may encompass expenses for products, services, and accommodations that are necessary because of the accident but that may not restore a person to his preinjury state." *Id.* The Supreme Court recently reaffirmed *Griffith*'s definition of "care," stating that "although services for an insured's care need not restore a person to his preinjury state, the services must be related to the insured's injuries to be considered allowable expenses." *Douglas*, 492 Mich at 260.

Allowable expenses and replacement services are two "separate and distinct categories" of benefits. *Johnson*, 492 Mich at 180; accord *Douglas*, 492 Mich at 262. "Services that were required both before and after the injury, but after the injury can no longer be provided by

the injured person himself or herself *because* of the injury, are 'replacement services,' not 'allowable expenses.' " *Johnson*, 492 Mich at 180. That is because while the services "might be necessitated by the injury if the injured person otherwise would have performed them himself, they are not *for* his care . . . ." *Douglas*, 492 Mich at 263.

An expense is "reasonably necessary" if (1) it is objectively reasonable and (2) it is necessary for the insured's care, recovery, or rehabilitation. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 163; 802 NW2d 281 (2011). An expense is incurred when the insured becomes liable to pay. *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003). There must at least be evidence that the service provider expected compensation for its services. *Burris v Allstate Ins Co*, 480 Mich 1081 (2008). The insurer "is not obliged to pay any amount except upon submission of evidence that services were actually rendered and of the actual cost expended." *Moghis v Citizens Ins Co of America*, 187 Mich App 245, 247; 466 NW2d 290 (1991).

We agree with defendant that transportation expenses unrelated to medical treatment are not recoverable even if prescribed by a doctor as being necessary for the patient's care, recovery, and rehabilitation.[1] Those transportation services, which were not directly related to Grinblatt's medical treatment but were solely

---

[1] The doctor wrote the prescription as dictated to him by Grinblatt "under the presumption that [it] would be submitted to the insurer and that would be the insurer's decision as to what was covered." While the doctor testified that rehabilitation included participation in social or recreational activities and "community reintegration," the tenor of his testimony was that the social and community aspects of rehabilitation were necessary for a patient's complete recovery in that they were part of a normal lifestyle but it was up to the lawyers and insurance companies to determine what was compensable under the no-fault act.

to maintain his preinjury quality of life, constituted replacement services, not allowable expenses, because Grinblatt did his own pleasure driving before the accident and, but for the injuries sustained in the accident, would have continued to do so. Further, plaintiff admitted that it provided the service to Grinblatt as a courtesy and did not expect him to pay for it.

On the other hand, it has long been recognized that the cost of transportation and mileage to and from medical appointments are allowable expenses. *Davis v Citizens Ins Co of America*, 195 Mich App 323, 328; 489 NW2d 214 (1992); *Neumann v State Farm Mut Auto Ins Co*, 180 Mich App 479, 486; 447 NW2d 786 (1989); *Swantek v Auto Club of Mich Ins Group*, 118 Mich App 807, 808-810; 325 NW2d 588 (1982). The expense was incurred to some extent because plaintiff provided the service to Grinblatt and apparently would have turned to him for payment if defendant were not liable. However, plaintiff's charges clearly included a fee for medical transportation even when Grinblatt was not in the vehicle and being transported. For example, the record shows that plaintiff billed for picking Grinblatt up from his home in order to transport him to a doctor's office and for either waiting for him to obtain his treatment or coming back to get him after his treatment so it could take him home. It stands to reason that plaintiff would have to charge for these services even though Grinblatt was not in the vehicle because it cannot transport him to and from medical appointments unless it first picks him up at home and then waits for him or comes back to get him to take him home again. Because the pick-up and wait-time aspect of the service was actually rendered and the fees were incurred, the issue is whether those charges were reasonable. See *Manley v Detroit Auto Inter-Ins Exch*, 425 Mich 140, 388 NW2d 216 (1986) (in which the defendant had paid providers for

nursing services and the dispute was whether the expense was reasonably necessary and, if so, whether the charge was reasonable). Neither party has addressed that issue or provided any evidence from which to gauge the reasonableness of the charges. Therefore, the reasonableness of the charges remains a question of fact to be determined.

The record also shows that plaintiff charged a separate mileage fee for actually transporting Grinblatt and often charged for more miles than he actually traveled. To that extent, plaintiff sought payment for transportation services not actually rendered. Therefore, the trial court properly concluded that defendant was entitled to judgment to the extent that plaintiff sought payment for mileage beyond that actually traveled by Grinblatt.

Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

JANSEN, P.J., and STEPHENS and RIORDAN, JJ., concurred.