# STATE OF MICHIGAN

# COURT OF APPEALS

GAZI TIPOU,

        Plaintiff-Appellant,

v

LASHANDA MARSH,

        Defendant,

and

FARM BUREAU GENERAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
February 27, 2018

Nos. 334588; 335368
Macomb Circuit Court
LC No. 2014-003986-NI

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits under the Michigan's no-fault act, MCL 500.3101 *et seq*., plaintiff, Gazi Tipou, appeals the order of summary disposition in favor of defendant Farm Bureau Insurance Co. (Farm Bureau). Plaintiff also appeals the award of case evaluation sanctions against him.[1] We affirm the grant of summary disposition, but we vacate and remand to the trial court to reconsider the sanctions under the appropriate legal standard.

## I. FACTS AND PROCEDURAL HISTORY

On January 14, 2014, plaintiff was injured when the car he was driving was struck by a car driven by defendant Lashanda Marsh. On March 3, 2014, plaintiff received a "Disability Certificate" from his physician. One of the activities addressed by the Disability Certificate was

---

[1] The appeal of the summary disposition order is the subject of Docket No. 334588, and the appeal of the case evaluation order is the subject of Docket No. 335368. We consolidated the appeals in *Tipou v Marsh*, unpublished order of the Court of Appeals, entered November 1, 2016 (Docket No. 334588).

-1-

driving. As to that activity, the certificate stated: "Driving: The patient is unable to drive and requires transportation services from _____ through _____." In the blanks, the physician had written March 3, 2014, and April 3, 2014, as the period during which plaintiff would need transportation services.

Plaintiff's policy provided that transportation for medical treatment was a compensable expense. Thus, plaintiff submitted a signed and initialed travel log for March 7 and March 10, 2014, in which he sought reimbursement for transportation to and from treatment. The log stated, "By signing in the space below, I verify and agree I have received transportation to and from the facility located at the above and below addresses based on my doctor's authorization due to my physical limitation of driving."

Before that date, Farm Bureau had hired a private investigations firm to observe plaintiff. It is undisputed, based on the firm's report, that on March 7, 2014, the investigators observed plaintiff being dropped off at his home by the transportation company. Later, plaintiff was observed driving himself to a gas station, to a bank, to a banquet hall, and then returning home. The investigators videotaped all of plaintiff's travels. The investigators observed similar activities on March 10, a date on which plaintiff again obtained transportation services.

The insurance policy contained the following fraud provision:

The entire policy will be void if, whether before or after a loss, you, any family member, or any insured under this policy has:

(1)     intentionally concealed or misrepresented any material fact or circumstance;
(2)     engaged in fraudulent conduct; or
(3)     made false statements,

relating to this insurance or to a loss to which this insurance applies.

Plaintiff subsequently sued Marsh and Farm Bureau, seeking PIP benefits.[2] The trial court granted summary disposition in favor of Farm Bureau, and this appeal of right followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Shepherd Montessori Ctr Milan v Ann Arbor Twp*, 486 Mich 311, 317; 783 NW2d 695 (2010). In evaluating a motion for summary disposition under MCR 2.116(C)(10), a trial court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Farmers Ins Exch v Kurzmann*, 257 Mich App

---

[2] On April 15, 2015, the trial court entered an order based on a stipulation between plaintiff and Farm Bureau to dismiss defendant Marsh without prejudice. Marsh thus is not a party to this appeal.

412, 417; 668 NW2d 199 (2003). Under this subrule, the motion is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011).

The proper interpretation and application of an insurance policy also is reviewed de novo. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014).

## III. DISCUSSION

### A. SUMMARY DISPOSITION BASED ON FRAUD-EXCLUSION PROVISION

This Court has routinely upheld a grant of summary disposition based on a fraud-exclusion provision such is at issue here. See, e.g., *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 421; 864 NW2d 609 (2014). In *Bahri*, this Court held that

> [t]o void a policy because the insured has willfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Id.* at 424-425 (quotation marks and citation omitted).]

Plaintiff argues that he never made a misrepresentation regarding his claim. Plaintiff argues that transportation for medical expenses is an "allowable expense" under the no-fault act, and that because he legitimately required medical treatment there was no fraud in receiving payment for his transportation to that treatment. See MCL 500.3105(1) (providing that all reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation are "allowable expenses."). "An expense is an 'allowable expense' if (1) the expense is for an injured person's care, recovery, or rehabilitation, (2) the expense is reasonably necessary, (3) the expense is incurred, and (4) the charge is reasonable." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 341; 830 NW2d 428 (2012).

We disagree. There is no question, based on the travel log, that plaintiff made a misrepresentation to Farm Bureau. The log states, "I verify and agree I have received transportation to and from the facility located at the above and below addresses based on my doctor's authorization due to my physical limitation of driving." That verification thus incorporates by reference plaintiff's doctor's certification of his "physical limitation of driving" and is admissible against plaintiff. See MRE 801(d)(2)(B) (statement was adopted by plaintiff). The doctor's certification in the Disability Certificates, in turn, states unequivocally that "[t]he patient is unable to drive and requires transportation services[.]" As a result of the log entries, a Health Insurance Claim Form was submitted to Farm Bureau, seeking payment of $400 for transportation services provided to plaintiff on the dates at issue, for transportation over a distance of 84 miles. That charge equates to approximately $4.76 per mile. While a reasonable expense for transportation to treatment may well have been allowable, that expense would have been significantly lower if based on the actual fact of plaintiff being able to drive himself, as he

-3-

was plainly able to do. The combination of a false certification of a physical limitation of driving, together with an inflated rate based on defendant being driven rather than driving himself, constituted fraud.

Plaintiff next turns to an argument as to why, even if he had made a misrepresentation, summary disposition nevertheless would have been inappropriate because any misrepresentation was not material. Plaintiff asserts that *Thomas v Frankenmuth Mut Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued July 12, 2016 (Docket No. 326744), "offered some insight into how" *Bahri*'s "materiality requirement could be satisfied" and thus tries to cobble together various aspects of those two cases' holdings. We discuss *Thomas* in due course, but initially we reject plaintiff's suggestion that *Bahri* did not flesh out how the materiality requirement could be satisfied. In *Bahri*, the plaintiff was involved in an automobile accident. As in the present case, "In order to substantiate her claim for replacement services, plaintiff presented a statement indicating that services were provided by" a particular individual between certain dates. *Bahri*, 308 Mich App at 425. On facts remarkably similar to the present case, in which surveillance and surveillance video demonstrated that the plaintiff performed services which she had claimed to be incapable of doing, we affirmed summary disposition in favor of the defendant. We noted that "defendant produced surveillance evidence depicting plaintiff performing activities inconsistent with her claimed limitations. Plaintiff was observed bending, lifting, carrying objects, running errands, and driving—on the dates when she specifically claimed she needed help with such tasks." *Id*. In addition to the falsity involving the claimed physical limitations, we noted that one of the plaintiff's claims in *Bahri* was that she required "assistance to drive her and perform multiple household activities." *Id.* But, as in our case, "surveillance video on that day captured plaintiff driving her own vehicle on errands," and "[s]imilar discrepancies were noted" on another date as well. *Id.* at 425-426. Notably, there was no indication in *Bahri* that the plaintiff had testified falsely, or had made any false statement beyond the submission of the statement falsely indicating that she required assistance and that someone had provided such services to her. As a published opinion of this Court, *Bahri* of course is binding precedent. See MCR 7.215(C). Thus, on the basis of *Bahri* alone, we would conclude as a matter of law that plaintiff's misrepresentation or misrepresentations were material.

The holding in *Thomas* is not to the contrary.[3] In *Thomas*, the plaintiff "was observed driving his car multiple times on the same day he availed himself of medical transportation services." *Thomas*, unpub op at 3. In addition, at his deposition, "when offered a chance to perhaps explain why he drove on that particular day, [the] plaintiff instead represented multiple times that he had not driven at all during the relevant time period. These representations were thus 'reasonably relevant to the insurer's investigation of a claim.' " *Id*., quoting *Bahri*, 308 Mich App at 425. Thus, *Thomas* held that while false deposition testimony about a claim is sufficient to invoke the fraud disqualification, it is not the only means for doing so; the law does

---

[3] Although *Thomas*, as an unpublished opinion, is of no precedential value, it can be considered as persuasive authority. See MCR 7.215(C); *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

not require that the material misrepresentation be in the form of false deposition testimony. In other words, there is no requirement that in addition to making a fraudulent claim, a plaintiff must also make additional false statements about the claim. If that were the case, the law would in fact require two, not one, material misrepresentations.

Plaintiff argues that this case is unlike *Thomas* because he never gave false deposition testimony denying driving. Plaintiff's argument ultimately is unavailing because plaintiff reads *Thomas* too narrowly; as noted, plaintiff's false submission to Farm Bureau seeking payment for transportation services was itself a material misrepresentation.

In sum, we hold that there is no material question of fact that Farm Bureau successfully proved that plaintiff committed acts encompassed by the fraud-exclusion provision of the insurance policy. Here, the evidence shows that plaintiff made material, false statements or representations "relat[ed] to this insurance or to a loss to which this insurance applies." Accordingly, the trial court did not err when it granted summary disposition in favor of Farm Bureau.

## B. CASE EVALUATION SANCTIONS

Plaintiff also appeals the award of case evaluation sections against him. MCR 2.403(O)(1) provides that

[i]f a party has rejected an evaluation and the action proceeds to verdict, that party *must* pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. [Emphasis added.]

Plaintiff first argues that if the grant of summary disposition against him is reversed, then sanctions would not be permitted. That argument is certainly legally correct because under such circumstances, there would then be no "verdict" in Farm Bureau's favor, a prerequisite to such sanctions. See MCR 2.403(O). However, that argument is unavailing here because, as discussed previously, we affirm the grant of summary disposition.

Plaintiff also argues that, although case evaluation sanctions normally would be required under the court rule, he should not be responsible for them because Farm Bureau improperly delayed bringing its motion for summary disposition for approximately a year after it became aware of facts supporting such a motion. Plaintiff contends that Farm Bureau's delay was undertaken to improperly inflate litigation costs and potentially attribute them to plaintiff as part of case evaluation sanctions. To avoid paying these costs, plaintiff relies on MCR 2.403(O)(11), which provides that "[i]f the verdict is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs." Because the verdict in this case was based on a summary disposition motion, MCR 2.403(O)(11) was potentially applicable.

"A trial court's decision to grant or deny case evaluation sanctions is subject to review de novo on appeal. However, because a trial court's decision whether to award costs pursuant to the 'interest of justice' provision set forth in MCR 2.403(O)(11) is discretionary, this Court reviews

that decision for an abuse of discretion." *Harbour v Correctional Med Servs, Inc*, 266 Mich App 452, 465; 702 NW2d 671 (2005). "A decision does not constitute an abuse of discretion if it is within the range of reasonable and principled outcomes." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). However, "a trial court necessarily abuses its discretion when it premises its decision on a misapplication of law." *Gay v Select Specialty Hosp*, 295 Mich App 284, 291; 813 NW2d 354 (2012).

The interest of justice exception under MCR 2.403(O)(11) is narrow and may only be invoked in "unusual circumstances." See *Haliw v City of Sterling Heights*, 257 Mich App 706-707; 669 NW2d 563 (2003), rev'd on other grounds 471 Mich 700 (2005); see also *Luidens v 63rd Dist Court*, 219 Mich App 24, 33; 555 NW2d 709 (1996). This Court has recognized that while there is no all-encompassing definition of what constitutes such an unusual "interest of justice" which would permit a trial court to decline to award case evaluation sanctions, one factor which may permit it is "misconduct on the part of the prevailing party." *Luidens*, 219 Mich App at 36. Thus, for example, a party's "gamesmanship" which precluded summary disposition and thus brought about an unnecessary five-day trial permitted a trial court to find that party's "trial strategy to be a sufficiently 'unusual circumstance' to warrant invocation of the 'interest of justice' exception." *Harbour*, 266 Mich App at 468.

In the present case, it is not clear that the trial court applied that standard. As noted, our review for an abuse of discretion necessarily includes a review of whether the trial court applied the wrong legal standard. *Gay*, 295 Mich App at 291. The trial court acknowledged that plaintiff's argument that Farm Bureau had unnecessarily drawn out the litigation and thereby potentially increased its litigation costs was "a reasonable argument." In response, Farm Bureau argued that it had primarily based its summary disposition motion on this Court's decision in *Thomas*, which was handed down on July 12, 2016, and that Farm Bureau brought its motion promptly after *Thomas* was decided. The record shows that Farm Bureau's motion for summary disposition in fact was filed on July 25, 2016, or 13 days after *Thomas* was decided. But rather than resolving the competing factual claims to determine why Farm Bureau had filed its motion when it did and whether there had been "gamesmanship" or "misconduct," the trial court simply granted the sanctions because, in part, the attorney's fees were reasonable. The trial court thus correctly stated the general rule that Farm Bureau normally would be entitled to fees, but the court did not adequately acknowledge or address the "interest of justice" exception. Notably absent from the court's comments is any reference to whether Farm Bureau's delay in filing the motion for summary disposition was reasonable or done in good faith. We thus vacate the award of attorney's fees and remand to the trial court to re-evaluate the interest of justice exception under the proper standard.

Plaintiff further argues that a $1,500 case evaluation sanction for the deposition fee of a medical expert was improper because the deposition never took place, as the trial court granted summary disposition on the morning of the day for which the deposition had been scheduled. But MCR 2.403(O)(1) awards "actual costs," and although the expert did not end up testifying, there is no suggestion or evidence that the $1,500 was not an actual and incurred cost by Farm Bureau. Accordingly, if the trial court again awards case evaluation sanctions on remand, on the record before us, we perceive no error in allowing the $1,500 expert fee.

## IV.  CONCLUSION

We affirm the grant of summary disposition in favor Farm Bureau on the PIP benefits claim.  We vacate the award of case evaluation sanctions and remand to the trial court to re-evaluate the issue under the proper standard.  We do not retain jurisdiction.  No costs, as neither party has prevailed in full.  MCR 7.219.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel