# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOE DORR,

      Plaintiff-Appellant,

v

SCOTT SMITH and ANDREA VEREEKE,

      Defendants-Appellees,

and

JOHN DOE,

      Defendant.

UNPUBLISHED
July 17, 2018

No. 336148
Oakland Circuit Court
LC No. 2015-149506-CZ

---

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

In this contract and real property dispute, plaintiff appeals by right the trial court's opinion and order granting summary disposition in favor of defendants Scott Smith (Smith), Andrea Vereeke (Vereeke), and John Doe.[1] We affirm the order granting summary disposition; however, for the reasons that follow, we vacate the portion of the trial court's order dismissing plaintiff's case, and remand for further proceedings.

## I. FACTUAL BACKGROUND

On June 27, 2006, plaintiff purchased a home from a company owned by his attorney, Smith (the property). According to plaintiff, he did so with the understanding that he would secure a mortgage on the property, perform construction and improvements on the property, and eventually sell the property back to Smith. Plaintiff maintains that he completed work on the property by February 2009, and was owed approximately $450,422.

---

[1] Plaintiff's complaint identified John Doe as "unknown individual holding a deed" to the property at issue, and stated that Smith had "possibly" wrongfully conveyed the property to Doe. Doe was never identified in the proceedings below.

According to Smith, he paid plaintiff for all of the improvements on the property, as well as all debt service, taxes and insurance. Smith maintains that he and plaintiff later agreed that Smith would repurchase the property on a land contract, and that on November 7, 2007, plaintiff executed a land contract in favor of Smith's company for the repurchase of the property. Contemporaneously, according to Smith, plaintiff executed a quit-claim deed in favor of Smith, which was recorded on June 30, 2009. Contemporaneously with that recording, another quit-claim deed was recorded in favor of Vereeke, Smith's fiancé.

Plaintiff acknowledges that he signed the November 7, 2007 land contract and quit-claim deed. However, he maintains that the documents he signed were "fraudulent/forged," and that the documents that Smith had him sign at that time were blank forms, or "the last page of an unknown form," and that he was not told what he was signing.

In 2011, plaintiff filed a grievance against Smith with the Attorney Grievance Commission (AGC), although he did not allege at that time that Smith had filed a forged or fraudulent quitclaim deed. The Grievance Administrator filed a formal complaint against Smith, charging him with violations of MCR 9.104(2) and (3) by engaging in conduct that "exposes the legal profession to obloquy, contempt, censure or reproach" and was "contrary to justice, ethics, honesty or good morals" related to the transactions described above. A formal hearing was held before a panel of the Attorney Discipline Board. The panel in its opinion stated that it was "troubled by the entire series of transactions and what appeared to the panel to be a calculated effort to mask [Smith's] ownership of this real estate." The panel also noted in its opinion that Smith's testimony at the grievance hearing was "evasive" and "nonresponsive," and that he was "impeached repeatedly" with a sworn statement he had given to the AGC. The panel further stated that had plaintiff provided testimony, it would have been able to assess the competing credibility of the witnesses; this "might well have posed serious problems for [Smith]." However, because plaintiff was never called as a witness and did not testify, despite being present during the proceeding, the panel concluded that the allegations against Smith could not be proven, despite finding Smith's denial of those allegations "not credible." The panel therefore dismissed the complaint, although it stated that "[n]othing in this opinion should be seen as an endorsement of [Smith's] behavior in these transactions" and, had sufficient evidence that any other parties, including plaintiff, had detrimentally relied upon "the Byzantine trail of documents" in the transactions between plaintiff and Smith, it would have been "inclined to find misconduct." The Grievance Administrator petitioned the Disciplinary Board for review of the panel's decision, but the Board issued an order affirming the panel's decision and denied reconsideration of that order. The Michigan Supreme Court denied the Grievance Administrator's application for leave to appeal the Board's order. See *Grievance Adm'r v Smith*, 498 Mich 887; 869 NW2d 612 (2015).

Plaintiff contends that by December 2013, he learned as a result of the grievance proceedings that Smith had engaged in above-described alleged documentary improprieties relative to the ownership of the property. On October 8, 2015, plaintiff filed suit in the trial court, alleging (1) breach of contract, (2) quantum meruit, (3) fraudulent conveyance, (4) fraudulent misrepresentation, and (5) innocent misrepresentation, and requesting (1) compensatory damages, (2) exemplary damages, and (3) fees and costs.

Defendants moved for summary disposition under MCR 2.116(C)(7), contending that the statutes of limitations on plaintiff's claims had run. Plaintiff responded that all of his claims necessarily arose from Smith's recording of a fraudulent quitclaim deed and were therefore governed by the 15-year limitations period set forth in MCL 600.5801(4). Plaintiff contended, in the alternative, and assuming that MCL 600.5801(4) did not apply, that MCL 600.5855 applied to toll the relevant statutes of limitations because Smith had fraudulently concealed plaintiff's causes of action.

The trial court agreed with defendants and held that (1) plaintiff's breach of contract claim was barred by MCL 600.5807(8) because it was a construction contract that needed to have been brought within six years of February, 2009, at which time the work on the contract had been completed; (2) plaintiff's quantum meruit claim was barred after three years from the same date; (3) plaintiff's fraudulent conveyance claim was barred under MCL 600.5813 because it must have been brought within six years of the conveyance; and (4) plaintiff's claims of fraudulent misrepresentation and innocent misrepresentation were also barred by MCL 600.5813. The trial court rejected plaintiff's argument regarding MCL 600.5801(4), finding that plaintiff had not brought a quiet title or adverse possession action, and thus that the statute did not apply. The trial court also found that MCL 600.5855 did not apply because plaintiff had failed to establish fraudulent concealment.

Plaintiff now appeals, contending that the trial court erred by determining that MCL 600.5801 was not the appropriate statute of limitations; alternatively, the trial court erred by determining that the fraudulent concealment exception, MCL 600.5855, did not apply to toll the statutes of limitations. We disagree.

## II. STANDARD OF REVIEW

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012), citing *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). "Summary disposition under MCR 2.116(C)(7) is appropriate when a statute of limitations bars the claim. *Nortley v Hurst*, 321 Mich App 566, ___; 908 NW2d 919 (2017) (Docket No. 333240); slip op at 2. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford County*, 287 Mich App 406, 428; 789 NW2d 211 (2010), citing *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), and *Guerra v Garratt*, 222 Mich App 285, 289; 564 NW2d 121 (1997). The court must also consider "any affidavits, depositions, admissions, or other documentary evidence" submitted by the parties. *Dextrom*, 287 Mich App at 4291 (citations omitted). Dismissal is inappropriate where a question of fact exists and "factual development could provide a basis for recovery." *Dextrom*, 287 Mich App at 429, citing *Guerra*, 222 Mich App at 289.

This Court also "reviews de novo the interpretation of a statute." *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010), citing *Manske v Dep't of Treasury*, 282 Mich App 464, 468; 766 NW2d 300 (2009).

III. STATUTE OF LIMITATIONS

Plaintiff first contends that the trial court erred by failing to apply the 15-year limitations period applicable to actions for recovery or possession of land or to quiet title, MCL 600.5801, to his claims arising out of Smith's alleged forgery of the quitclaim deed. We disagree.

"The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Stanton v City of Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002), citing *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). " 'To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language.' " *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008), quoting *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). If the language is unambiguous, the intent of the Legislature is clear and " 'judicial construction is neither necessary nor permitted.' " *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187.

MCL 600.5801 provides:

No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

(1) When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

(2) When the defendant claims title under some deed made by an officer of this state or of the United States who is authorized to make deeds upon the sale of lands for taxes assessed and levied within this state the period of limitation is 10 years.

(3) When the defendant claims title through a devise in any will, the period of limitation is 15 years after the probate of the will in this state.

(4) In all other cases under this section, the period of limitation is 15 years.

Plaintiff contended before the trial court and contends in his reply brief on appeal that, because his claims necessarily stemmed from Smith's alleged forgery of a quitclaim deed, they were subject to the limitations period found in MCL 600.5801(4). The trial court found that this statute did not apply because plaintiff had not brought suit for "quiet title or for adverse possession." We agree that plaintiff's claims cannot be read as claims for quiet title or adverse possession, and that the trial court accordingly did not err by failing to apply limitations period found in MCL 600.5801(4) to plaintiff's claims as pleaded.

When determining the applicable limitations period, a court must determine "the gravamen of an action" by "reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007) (citations omitted); see also *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005). Plaintiff's complaint alleged that Smith had breached a contract with plaintiff by failing to pay him money owed under an agreement, and a related claim for unjust enrichment based, again, on Smith allegedly having not paid him money. Both of these claims are governed by the six-year statute of limitations found in MCL 600.5807.[2] Plaintiff also asserted claims of fraudulent and innocent misrepresentation against Smith, alleging that he was induced by Smith's misrepresentations to obtain a mortgage, perform work on the property, and sign what plaintiff alleges was a fraudulent quitclaim deed. These fraud claims are subject to the residual six year limitations period found in MCL 600.5813. *Adams*, 276 Mich App at 710. Finally, plaintiff's claim for "fraudulent conveyance" does seek to have the conveyance declared fraudulent, but (1) alleges that the conveyance was "without consideration and was otherwise fraudulent to Plaintiff" and (2) specifically requests a judgment under the "Uniform Fraudulent Conveyance Act, MCL 566.31 et seq."[3] This act contains its own statutory provision proscribing which limitations periods apply to claims for relief under the act, none of which are the limitations period found in MCL 600.5801; indeed the specific limitations period applicable to plaintiff's claim for relief appears to be either the six-year period for fraud or the 2-year period for fraudulent concealment. See MCL 566.39(a). We discuss plaintiff's fraudulent concealment argument below; the important point here is that none of plaintiff's claims can be read as having as their gravamen a request for entry unto land, recovery or possession of land, quiet title, or adverse possession. By its plain language, MCL 600.5801 is limited to "action[s] for the recovery or possession of any lands" or actions involving "entry upon any lands." MCL 600.5801; see *Odom*, 482 Mich at 467; see also *Terlecki v Stewart*, 278 Mich App 644, 659-660; 754 NW2d 899 (2008).

Plaintiff's complaint, in its prayer for relief, does contain a request that "in the alternative" the trial court order Veereke, Smith, and Doe to "surrender and transfer their interest in the property to Plaintiff as justice requires." However, as discussed, plaintiff alleged no viable claims to provide the trial court a mechanism by which to afford plaintiff *any* type of relief. By contrast, in *Adams*, this Court did find that the gravamen of the plaintiff's claim, although styled as one to set aside a conveyance based on either a fraudulent or forged deed, was actually "more

---

[2] Although the trial court held that three-year limitations period applied to plaintiff's quantum meruit claim, actions for promissory estoppel/quantum meruit/unjust enrichment "depend on the existence of contract or contract principles" and generally are "governed by the 6-year statute of limitations." See *Huhtala v Travelers Ins Co*, 401 Mich 118, 126; 257 NW2d 640 (1977). The trial court may have believed that the 3-year statute of limitations for actions for damages to property applied, see MCL 600.5805. In any event, under either limitations period, the trial court correctly dismissed the quantum meruit claim as time-barred.

[3] Although previously known as the "uniform fraudulent transfer act", the act is currently known as the uniform voidable transactions act, MCL 566.45(1).

similar to a claim to quiet title than to a claim alleging fraud." *Adams*, 276 Mich App at 715. The plaintiff in *Adams* had characterized her claim as "one to determine interests in land" and had alleged in the complaint that the limitations period in MCL 600.5801 applied. *Id*. at 708. The plaintiff also did not seek monetary damages for the alleged fraud, but instead sought the return of her interest in land in what " strongly resemble[d] a classic action for ejectment." *Id*. at 715.

Here, as discussed, plaintiff's claims primarily concerned themselves with monetary damages based on Smith's alleged fraud and breach of an agreement between the parties, and were based on causes of action that were explicitly governed by shorter limitations periods. We do not fault the trial court for failing to weave an entirely new claim out of one phrase in plaintiff's prayer for relief and scattered references to a fraudulent deed. We note that plaintiff attempted to amend his complaint, albeit in a sort of "catch-all" motion entitled "Motion for Various Relief Including First Motion to Ammend[sic]." Although plaintiff's motion appears to only have sought to amend the complaint to add the mortgagee for the property, at the hearing on that motion, plaintiff's counsel did make reference to a fraudulent quitclaim deed and the ownership of the property, at which point the trial court cut counsel off and stated "I'm not here to try the case." The trial court invited to plaintiff to "put forth a motion that outlines what the issues [were] and what relief [plaintiff was] seeking" and denied plaintiff's extant motion. It does not appear that plaintiff ever filed a motion specifically seeking amendment of the complaint; rather, plaintiff's next filing was in opposition to defendant's motion for summary disposition, and plaintiff did assert in that filing that his claims arose out of Smith's filing of a fraudulent quitclaim deed, for which the statute of limitations was 15 years under MCL 600.5801(4).

Simply put, we recognize and appreciate that the trial court gave plaintiff a chance, before granting summary disposition, to allege an appropriate claim. Nonetheless, MCR 2.118(A)(2) does provide that leave to amend "shall be freely given when justice so requires." And MCR 2.118(D) states that an amended pleading may relate back to the date of the original pleading if the claim or defense asserted was "set forth, or attempted to be set forth," in the original pleading. We conclude that there are enough spare threads of a claim for quiet title or recovery or possession of land scattered through the lower court record that we believe the trial court should consider, on remand, whether it would be appropriate to permit plaintiff to amend his complaint under MCR 2.118, specifically to assert such a claim. We therefore affirm the trial court's order to the extent it finds plaintiff's now-existing claims time-barred, but vacate the portion of the trial court's order dismissing plaintiff's case, and remand for further proceedings consistent with this opinion. If the trial court finds that amendment is not appropriate, it may close the case.

## IV. FRAUDULENT CONCEALMENT

Plaintiff contends, in the alternative, that the trial court erred by failing to apply the fraudulent concealment exception to the statutory limitations periods at issue. We disagree. MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim

from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

"This statutory section permits the tolling of a statutory limitations period for two years if the defendant has fraudulently concealed the existence of a claim." *Mays v Snyder*, ___ Mich App ___, ___ NW2d ___ (2018) (Docket Nos. 335555, 335725 and 335726); slip op at 14. "For the fraudulent concealment exception to apply, a 'plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment,' and 'prove that the defendant committed affirmative actions or misrepresentations that were designed to prevent subsequent discovery.' " *Mays*, ___ Mich App at ___; slip op at 14, quoting *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).

Plaintiff asserts that the act or misrepresentation that comprised fraudulent concealment was Smith's forgery of the quitclaim deed. Plaintiff contends that because the forgery "was fashioned to appear to be a genuine deed," it "therefore was designed to prevent subsequent discovery," and constituted a fraudulent concealment. Plaintiff cites *Buszek v Harper Hosp*, 116 Mich App 650, 654; 323 NW2d 330 (1982), for this general proposition—that the act of forging a document necessarily denotes an additional act of fraudulent concealment of the underlying forgery—but fails to provide a pinpoint reference or otherwise explain how *Buszek* can be read to imply the same. Our reading of *Buszek* is that the case simply establishes that "concealment must be produced by affirmative acts or misrepresentations which are designed to prevent subsequent discovery," and that "[m]ere silence is not enough." *Buszek*, 116 Mich App at 654.

In any event, even if plaintiff did sufficiently plead acts by Smith designed to prevent subsequent discovery of the alleged forged deed, we agree with the trial court that *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39; 698 NW2d 900 (2005), bars plaintiff's claim for fraudulent concealment of a forged or fraudulent deed where it was recorded and available in the public record. The trial court found, under *Prentis*, that "[w]ithin the context of MCL 600.5855, a plaintiff is required to exercise reasonable diligence to discover facts pertinent to the existence of a cause of action." *Prentis* speaks to the exact issue that was before the trial court in this case: where a plaintiff fails to check public records that would otherwise lead to the discovery of a cause of action, that plaintiff has failed to exercise reasonable diligence and thus is barred from claiming fraudulent concealment. See *Prentis*, 266 Mich App at 45 n 2, 48.

Plaintiff also argues however, that *Prentis* implies that reasonable diligence might not be required where a fiduciary relationship exists between a plaintiff and a defendant. See *id*. at 45 n 2. But the evidence does not support a finding that a fiduciary relationship existed between plaintiff and Smith as late as October 2013. By that time, the AGC had already commenced proceedings against Smith. In fact, plaintiff had expressed his dissatisfaction with Smith and the intent to contact the AGC as early as July 8, 2009. Therefore, plaintiff's contention that a fiduciary relationship existed such that plaintiff could rely on MCL 600.5855 to permit the tolling of the statutes of limitations as late as October 8, 2015, is not supported by the record,

even accepting (as we must) his well-pleaded factual allegations as true. *Dextrom*, 287 Mich App at 428, citing *Rozwood*, 461 Mich at 119, and *Guerra*, 222 Mich App at 289.

Plaintiff lastly contends in his reply brief on appeal that the issue of forgery and fraudulent concealment are questions for the jury, and thus that summary disposition was inappropriate. A motion for summary disposition under MCR 2.116(C)(7) premised on an applicable limitations period may be decided as an issue of law with the trial court accepting "all well-pleaded factual allegations as true and constru[ing] them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom*, 287 Mich App at 428, citing *Rozwood*, 461 Mich at 119, and *Guerra*, 222 Mich App at 289. There is no support for plaintiff's contention that issues of fraudulent concealment or forgery are necessarily questions for the jury.

In summary, the trial court did not err by determining that MCL 600.5801 was inapplicable to plaintiff's claims as pleaded, because plaintiff did not bring an action to quiet title or for the recovery of possession of property; nonetheless, we remand for the trial court to consider whether plaintiff should be allowed amend his complaint under MCR 2.118 in order to allege such a claim. Plaintiff also failed to establish that Smith fraudulently concealed any of plaintiff's causes of action, and the trial court therefore did not err by determining that MCL 600.5855 was inapplicable.

Accordingly, we affirm the trial court's order granting summary disposition, but vacate the portion of the trial court's order dismissing plaintiff's case and remand for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra