*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NSW, a Minor, by Next Friend CARRI ANN
WARREN,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
April 07, 2025
10:36 AM

No. 364815
Wayne Circuit Court
LC No. 21-017165-NF

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff, the next friend and mother of NSW, appeals by right the trial court's order granting summary disposition in favor of defendant. Because there was a genuine question of material fact concerning how much attendant care was needed for NSW, we reverse the trial court's order and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On February 27, 2009, NSW was 13 months old and the passenger of a motor vehicle that was in a collision. Prior to the accident, she had been developmentally on-track; however, as a result of the accident NSW suffered a severe traumatic brain injury. She was not named as an insured party in a valid no-fault insurance policy, and the driver of the vehicle did not have a valid no-fault insurance policy. NSW's claims were, therefore, assigned to defendant through the Michigan Assigned Claims Plan.

At the time this case was decided, NSW's development was still impacted by her traumatic brain injury. She was evaluated as having intellectual abilities 1.5 to 2 standard deviations below her peers. She struggled with tasks such as using the bathroom and preparing food. With passive supervision, NSW did not pose a danger to herself or others. Plaintiff expressed safety concerns regarding NSW because she would wander off and did not recognize danger. NSW met the diagnostic criteria for a neurocognitive disorder secondary to a severe traumatic brain injury, a specific learning disorder in mathematics, and attention deficit hyperactivity disorder. Dr. Danielle

Shapiro, a neuropsychologist with the Michigan Evaluation Group, opined that it was more likely that not that NSW's diagnoses were related to the accident.

Plaintiff's complaint alleged that defendant refused to pay the claims for NSW's attendant care. Defendant moved for summary disposition under MCR 2.116(C)(4) and (C)(10), claiming it had paid all attendant care expenses that were supported by reasonable proof. Dr. Shapiro and Dr. Jennifer Huffman, a neuropsychologist with Huffman Psychology, PLLC, both recommended no more than three hours of attendant care for NSW. Dr. Lalitha Sivaswamy, the division chief of neurology at Children's Hospital of Michigan, opined however that NSW would need "constant supervision . . . ." The trial court denied defendant's motion under MCR 2.116(C)(4) because there was a case or controversy, but granted its motion for summary disposition under MCR 2.116(C)(10) because, in its view, there was no genuine question of material fact as to the amount of attendant care NSW required. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *Id*. at 160. The trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). The motion may only be granted if there is no genuine issue of material fact. *Id*. There is a genuine issue of material fact when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation omitted).

A moving party under MCR 2.116(C)(10) satisfies its burden by either demonstrating that the nonmoving party's evidence is insufficient to establish their claim or negating an essential element of the nonmoving party's claim with affirmative evidence. *Lowrey v LMPS & LMPJ Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). After the movant has satisfied their burden, the nonmovant may avoid summary disposition by presenting specific facts or evidence that establishes a material factual dispute. *Id*. The trial court may not make findings of fact or determine credibility on a motion for summary disposition. *White v Taylor Distrib Co Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007); aff'd 482 Mich 136 (2008).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted defendant summary disposition in favor of defendant because there was a genuine issue of material fact regarding the number of hours of attendant care NSW required. We agree.

Under the Michigan no-fault act, MCL 500.3101 *et seq*., insurers are required to pay personal protection benefits for accidental injuries that arise "out of the ownership, operation, maintenance, or use of a vehicle. . . ." *ZCD Transp Inc v State Farm Mut Auto Ins Co*, 299 Mich

-2-

App 336, 340; 830 NW2d 428 (2012); MCL 500.3105(1).[1]  An injured person may recover all charges for reasonably necessary products, services, and accommodations for their care, recovery, or rehabilitation.  *Admire v Auto-Owners Ins Co*, 494 Mich 10, 19; 831 NW2d 849 (2013); MCL 500.3107(1)(a).  The expenses must be causally connected to an injury arising out of an automobile accident.  *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005).  A claimed expense must be (1) for an injured person's care, recovery, or rehabilitation, (2) reasonably necessary, (3) actually incurred, and (4) for a reasonable amount.  *ZCD Transp Inc*, 299 Mich App at 341.

Attendant care is an allowable expense under Michigan's no-fault act.  *Douglas v Allstate Ins Co*, 492 Mich 241, 247; 821 NW2d 472 (2012); MCL 500.3107(1)(a).  It typically includes assistance with personal needs and supervision.  See *Douglas*, 492 Mich at 263-264.  The attendant care must be "for an injured person's care, recovery, or rehabilitation."  MCL 500.3107(1)(a).  Recovery and rehabilitation costs are those expended to restore an injured person to the condition they were in before their injury.  *ZCD Transp Inc*, 299 Mich App at 342.  Care costs include products and services that are needed because of the accident, but may not return a person to their preinjury state.  *Id.*  The attendant care may be performed by a family member, and the same requirements apply.  *Douglas*, 492 Mich at 248.

It is undisputed that NSW suffered from a traumatic brain injury caused by a motor vehicle accident.  It is also undisputed that some amount of attendant care is reasonably necessary as a result of the injuries NSW suffered in the car accident.  Plaintiff claimed that NSW needed attendant care for supervision, dressing assistance, closed head monitoring, attending medical appointments, meal preparation, bathing assistance, emotional support, hygiene assistance, monitoring medicine intake, creating a supportive environment, case management, bill payment assistance, nutritional support, and pharmaceutical assistance.  At issue, therefore, is the amount of attendant care that NSW requires.  Services that an uninjured 13-year-old would require are not compensable.  *Griffith*, 472 Mich at 528.  Plaintiff, NSW's mother, provides her with attendant care and claimed that eight hours of attendant care were reasonably necessary.

When moving for summary disposition under MCR 2.116(C)(10), defendant argued that plaintiff failed to present sufficient evidence to establish her claim.  Considering the evidence in the light most favorable to plaintiff, we disagree and conclude there is a genuine issue of material fact concerning how much attendant care is needed for NSW.  *El-Khalil*, 504 Mich at 159.  Two neuropsychologists stated that three hours of attendant care were appropriate for NSW.  Plaintiff provided a care log that did not include any information on how many hours of attendant care were provided.  Some of the activities listed in the care log, without more information, are the type of assistance any 13-year-old may require, such as attending medical appointments, meal preparation, emotional support, creating a supportive environment, bill payment assistance, and nutritional support.  See *Griffith*, 472 Mich at 528.  However, the letter from Dr. Sivaswamy stated that NSW

---

[1] Substantial changes were made to the no-fault act in 2019.  See *Andary v USAA Cas Ins Co*, 512 Mich 207, 214; 1 NW3d 186 (2023).  The language in the provisions relevant to this case has not changed.

required "assistance with not only her activities of daily living but *constant supervision* for medical appointments, therapies, safety and monitoring" (emphasis added).

The letter from Dr. Sivaswamy was sufficient to establish an issue of material fact in dispute.[2] *Lowrey*, 500 Mich at 7. Dr. Sivaswamy's statement that "constant supervision" was needed by NSW conflicts with the three hours of attendant care recommended by Drs. Shapiro and Huffman. Reasonable minds could differ as to what "constant supervision" means. *El-Khalil*, 504 Mich at 160. As defined by Merriam Webster, "constant" is defined as either "invariable, uniform" or "continually occurring or recurring; regular." *Merriam Webster's Collegiate Dictionary* (11th ed). Therefore, Dr. Sivaswamy's recommendation for constant supervision could mean that NSW needs to be supervised continually for all hours of the day.

Additionally, the trial court inappropriately considered the credibility of Drs. Shapiro, Huffman, and Sivaswamy. See *White*, 275 Mich App at 625 ("[C]ourts may not resolve factual disputes or determine credibility in ruling on a summary disposition motion.") (quotation marks and citation omitted). The trial court appeared to give more weight to the opinions of Drs. Shapiro and Huffman than it did to that of Dr. Sivaswamy. *Id*. Viewing the evidence in the light most favorable to plaintiff, NSW could require more than three hours of attendant care. *El-Khalil*, 504 Mich at 160. Dr. Sivaswamy's recommendation for constant supervision presents a genuine question of material fact when considered with the other recommendations for three hours of attendant care. *El-Khalil*, 504 Mich at 160. The trial court, therefore, erred when it granted defendant's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

[2] On appeal, plaintiff presents a new opinion letter from Dr. Kathleen McMahon, of the Children's Hospital of Michigan. This evidence was not considered because it was not part of the trial court record and plaintiff did not move to expand the record. See *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011) ("Enlargement of the record on appeal is generally not permitted.").